[No. B110754. Second Dist., Div. Six. Feb. 4, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
JULIE GAVINA SATZ, Defendant and Appellant.

**COUNSEL**

Kevin G. DeNoce for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Pamela C. Hamanaka and Kyle S. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**YEGAN, J.**—Julie Gavina Satz was convicted by plea of possessing methamphetamine. (Health & Saf. Code, § 11377, subd. (a).) She appeals, contending that the trial court erred in denying her motion to suppress the evidence. (Pen. Code, § 1538.5.)[1] We affirm.

### Facts

Appellant used a stolen credit card number to register as a guest at the Ventura Pierpont Inn. She checked into room 301 with no luggage and spent the night. The next day the manager, Cynthia McMahan, became suspicious of the manner in which the room was obtained. She called American Express and was expressly advised that appellant was not authorized to use the credit card number. McMahan called the police and asked them to assist in appellant's eviction. McMahan and a police officer went to room 301. McMahan knocked several times and announced that she was the manager. Receiving no response, she opened the door with a master key and announced, "Management." Appellant was in the room.

McMahan told appellant that the credit card number was stolen and asked how she intended to pay for the room. Appellant said that she had no money. Two other people were in the room who had not checked in as guests. McMahan asked the officer to come in but the officer did not immediately do so.

The officer, lawfully standing in a place she had a right to be, asked if she could "check out the room." Appellant answered, "That would be fine. I didn't do anything wrong." The officer asked appellant if she "could look through her things." Appellant responded: "Sure, you can check anything." The officer found .41 grams of methamphetaime in appellant's purse.

### Standing

■ The trial court found that appellant lacked standing to challenge the search and denied the motion to suppress evidence. Citing *Stoner* v. *California* (1964) 376 U.S. 483, 490 [84 S.Ct. 889, 893, 11 L.Ed.2d 856], appellant

[1]All statutory references are to the Penal Code.

contends that the Fourth Amendment protects hotel guests from unreasonable searches. Appellant, however, has no standing to challenge the search unless she had a possessory interest in the hotel room sufficient to support a reasonable expectation of privacy. (*Rakas* v. *Illinois* (1978) 439 U.S. 128, 141 [99 S.Ct. 421, 429, 58 L.Ed.2d 387, 399-400]; *People* v. *Madrid* (1992) 7 Cal.App.4th 1888, 1896 [9 Cal.Rptr.2d 798].)

In *Rakas* v. *Illinois, supra,* 439 U.S. 128, 143 [99 S.Ct. 421, 430, 58 L.Ed.2d 387, 401], the United States Supreme Court held that "a 'legitimate' expectation of privacy by definition means more than a subjective expectation of not being discovered. A burglar plying his trade in a summer cabin during the off season may have a thoroughly justified subjective expectation of privacy, but it is not one which the law recognizes as 'legitimate.' " (*Id.,* at p. 143, fn. 12 [99 S.Ct. at p. 430, 58 L.Ed.2d at p. 401].) The same principle applies to auto thieves (*People* v. *Shepherd* (1994) 23 Cal.App.4th 825, 828-829 [28 Cal.Rptr.2d 458] [no standing to challenge search of stolen truck and defendant's purse left in truck]; *People* v. *Melnyk* (1992) 4 Cal.App.4th 1532, 1533 [6 Cal.Rptr.2d 570]) and trespassers. (E.g., *People* v. *Thomas* (1995) 38 Cal.App.4th 1331, 1334-1335 [45 Cal.Rptr.2d 610] [warrantless search of cardboard box used as shelter on public sidewalk].)

"In determining whether a defendant has standing to contest a search, the foundational question is whether the defendant has a legitimate expectation of privacy in the place invaded. [Citations.] A defendant bears the burden of showing he has such an expectation. [Citation.] The pertinent facts to consider include whether the defendant has a property or possessory interest in the thing seized or the place searched; whether he has the right to exclude others from that place; whether he has exhibited a subjective expectation that the place would remain free from governmental invasion; whether he took normal precautions to maintain his privacy; and whether he was legitimately on the premises. [Citations.]" (*People* v. *Thompson* (1996) 43 Cal.App.4th 1265, 1269-1270 [51 Cal.Rptr.2d 334].)

Although no California court has considered the issue, federal courts have held that a hotel occupant has no expectation of privacy if he or she fails to pay the room rent due. (*U.S.* v. *Allen* (6th Cir. 1997) 106 F.3d 695, 699; *U.S.* v. *Rahme* (2d Cir. 1987) 813 F.2d 31, 34 [no expectation of privacy after rental period terminated]; *U.S.* v. *Huffhines* (9th Cir. 1992) 967 F.2d 314, 318 [same].) Where the occupant stays beyond the occupancy period without paying the next day's rent, he or she loses the exclusive right to privacy in the room. (*United States* v. *Larson* (8th Cir. 1985) 760 F.2d 852, 854-855.)

Applying the factors articulated in *People* v. *Thompson, supra,* 43 Cal.App.4th at pages 1269-1270, we conclude that appellant failed to meet

her burden to show standing to challenge the instant search and seizure. The only factor that points to standing is that she closed and locked the door to room 301. The crucial factor that militates against standing is her lack of a property or possessory interest in the room because she was not legitimately on the premises.

Appellant was confronted by the manager and admitted that she had no money to pay for the room. Having defrauded an innkeeper, she simply had no right to remain on the premises. It is a public offense for a person to obtain ". . . accommodations at a hotel, inn, . . . [or] motel, . . . without paying therefor, with intent to defraud the proprietor or manager thereof, or who obtains credit at an hotel, inn, . . . [or] motel . . . by the use of any false pretense . . . ." (§ 537, subd. (a); *People* v. *Lewis* (1980) 109 Cal.App.3d 599, 608-609 [167 Cal.Rptr. 326].) Her continued presence on the premises was a trespass.

The defrauding occupant has no legitimate expectation of privacy in the room, or "an expectation that society is prepared to recognize as reasonable. [Citations.]" (*People* v. *Thomas, supra*, 38 Cal.App.4th at p. 1334; *U.S.* v. *Wai-Keung* (S.D.Fla. 1994) 845 F.Supp. 1548, 1563 [". . . society should not recognize an expectation of privacy in a hotel room obtained fraudulently. . . ."]) Moreover, even if appellant had a reasonable expectation of privacy, it was waived when she voluntarily consented to the search of the room and her purse.

### Police Assistance in Eviction

Appellant nonetheless claims that her constitutional rights were violated when the manager entered the room and asked the officer to assist in the ouster. The argument lacks merit. Appellant's reliance upon *Stoner* v. *California, supra*, 376 U.S. 483, 488 [84 S.Ct. 889, 892, 11 L.Ed.2d 856] is misplaced. The case did not involve a hotel occupant who failed to pay rent. Here appellant fraudulently gained access to the room by trick and device, was caught by the manager, and admitted that she had no money to pay for the room. The manager was not required to get a warrant or serve appellant with a three-day notice to quit.

An innkeeper who reasonably believes that he or she has been defrauded may enter a hotel room and ask the occupants to leave. (E.g., *People* v. *Minervini* (1971) 20 Cal.App.3d 832, 840-841 [98 Cal.Rptr. 107].) Here, the innkeeper properly called upon the police to assist in the eviction. The mere presence of the police officer at the door after the innkeeper entered did not violate the Fourth Amendment and its principles.

## Knock-Notice

Appellant contends that the search was unlawful because the officer failed to comply with the knock-notice provisions of section 844, which, in pertinent part provides: "To make an arrest, . . . a peace officer, may break open the door or window of the house in which the person to be arrested is, . . . , after having demanded admittance and explained the purpose for which admittance is desired." The argument lacks merit. The manager entered the room and left the door open. Appellant saw the officer outside the doorway and consented to the officer's entry. The officer was not required to knock and announce her presence.

"Penal Code section 844 is not to be used to protect a trespasser's right to privacy in someone else's home. A trespasser—or a burglar—cannot make another man's home his castle. . . . When police officers have reasonable cause to believe that persons within a [hotel room] are . . . trespassers . . . we do not construe these individuals as *householders* entitled to the protection of Penal Code section 844." (*People* v. *Ortiz* (1969) 276 Cal.App.2d 1, 5 [80 Cal.Rptr. 469]; see also *People* v. *Minervini, supra,* 20 Cal.App.3d 832, 841.) Moreover, consent to enter by the occupant renders section 844 inapplicable. (*Mann* v. *Superior Court* (1970) 3 Cal.3d 1, 9 [88 Cal.Rptr. 380, 472 P.2d 468].)

The judgment is affirmed.

Stone (S. J.), P. J., and Gilbert, J., concurred.