**STATE of Maine**

v.

**Fitzwilliam MAY.**

Supreme Judicial Court of Maine.

Argued May 15, 1992.

Decided June 3, 1992.

William R. Anderson, Dist. Atty., Gregory N. Dorr (orally), Asst. Dist. Atty., Rockland, for the State.

Elizabeth Biddle Jennings (orally), Robert Levine, Strout, Payson, Pellicani, Hokkanen & Levine, Rockland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Chief Justice.

Defendant Fitzwilliam May appeals his conviction by the Superior Court (Knox County, *Silsby, J.*), on his conditional guilty plea, of unlawful possession of a scheduled drug, 17–A M.R.S.A. § 1107 (Supp.1991). The sole issue on appeal is whether the District Court (Rockland, *Wescott, J.*) erred in denying defendant's motion to suppress the evidence obtained when, after defendant's release from custody, the arresting officer searched defendant's wallet that another officer had found in the back seat of the police cruiser in which defendant had been transported. Because the District Court's factual findings do not support its conclusions of law, we vacate its order and remand the matter to the Superior Court with instructions to suppress the evidence found as a result of the officer's search.

In the early morning of November 5, 1989, a Rockland police officer arrested defendant for operating a vehicle while under the influence of intoxicating liquor. The officer transported defendant by police cruiser to the Knox County Sheriff's Office to be processed. Although the arresting officer had earlier seen defendant take his license out of a wallet, on patting him down at the stationhouse, he found no wallet. The officer at that time mentioned to defendant the absence of the wallet, but defendant merely shrugged his shoulders. Shortly thereafter defendant was released from custody. At the change of shifts, another officer discovered defendant's wallet in the back of the cruiser and brought it into the stationhouse. The arresting officer at that time searched the wallet and found a packet of cocaine.

The State filed a criminal complaint in the District Court (Rockland) charging defendant with the unlawful possession of a scheduled drug. Defendant filed a motion to suppress all evidence obtained when the arresting officer searched his wallet. After a hearing the District Court (*Westcott, J.*) denied defendant's motion. Defendant moved for reconsideration of the order denying his motion to suppress, and the District Court denied that motion concluding that the warrantless search of defendant's wallet was valid as a search incident to his arrest and, alternatively, because at the time of the search he no longer had a reasonable expectation of privacy in the wallet. Following transfer from the District Court, the Superior Court accepted defendant's conditional guilty plea, entered pursuant to M.R.Crim.P. 11(a)(2), and

found defendant guilty. This appeal followed.

▪ Contrary to the District Court's conclusion, the fact that the officer searched defendant's wallet after he had been released from custody prevents the search from qualifying as a search incident to a lawful arrest. *See United States v. Edwards*, 415 U.S. 800, 807, 94 S.Ct. 1234, 1239, 39 L.Ed.2d 771 (1974) ("[O]nce the accused is lawfully arrested and *is in custody*, the effects *in his possession at the place of detention* that were subject to search at the time and place of his arrest may lawfully be searched and seized without a warrant even though a substantial period of time has elapsed between the arrest and the subsequent administrative processing" (emphasis added)); *State v. Fales*, 540 A.2d 1120 (Me.1988); *see also* 2 W. LaFave, Search and Seizure § 5.3 (2d ed. 1987). Moreover, defendant's velcro-sealed wallet is a "repository for personal, private effects" and thus is inevitably associated with an expectation of privacy. *Arkansas v. Sanders*, 442 U.S. 753, 762 n. 9, 99 S.Ct. 2586, 2592 n. 9, 61 L.Ed.2d 235 (1979); *see also United States v. Jacobsen*, 466 U.S. 109, 114, 104 S.Ct. 1652, 1656–57, 80 L.Ed.2d 85 (1984); *State v. Philbrick*, 436 A.2d 844, 855 (Me.1981). As a result, unless defendant at some point prior to the search abandoned that expectation of privacy, the officer's warrantless search of defendant's wallet must comply with or find exception to the warrant requirement of the Fourth Amendment to the United States Constitution. There being no applicable exception to that warrant requirement, the only question remaining for decision is whether by the time of the search defendant had abandoned his wallet and thereby brought his expectation of privacy, and hence Fourth Amendment protection, in that wallet to an end. We conclude as a matter of law that, on the facts as found by the District Court, defendant did not abandon his wallet.

▪ We traditionally review a suppression order, including the court's determination as to abandonment, a mixed question of law and fact, only for clear error,

*see State v. Enggass*, 571 A.2d 823, 824 (Me.1990); *State v. Philbrick*, 436 A.2d at 854–55. However, when one appeals from a suppression order and does not challenge any of the motion court's factual findings but only its legal conclusions based on those undisputed findings, the "clearly erroneous" standard is inapplicable. *See State v. Enggass*, 571 A.2d at 824; *State v. Boilard*, 488 A.2d 1380, 1384 (1985). In the present case, neither party challenges the court's underlying factual findings regarding defendant's conduct with respect to his wallet. As such we may independently determine whether in those circumstances defendant can be said to have abandoned his wallet. We are mindful in so doing that the State bears the burden of establishing by a preponderance of the evidence that defendant abandoned his wallet. *See State v. Philbrick*, 436 A.2d at 854.

▪ By definition, abandoned property is property in which one has by his conduct relinquished any expectation of privacy that he may have had in the property. *See Abel v. United States*, 362 U.S. 217, 241, 80 S.Ct. 683, 698, 4 L.Ed.2d 668 (1960) (articles left in hotel room wastebasket abandoned by hotel patron upon checkout); *see also* 1 W. LaFave, Search and Seizure § 2.6(b) (2d ed. 1987). A person has no Fourth Amendment protection in abandoned property and will not be heard to complain of its warrantless search. *See Abel v. United States*, 362 U.S. at 241, 80 S.Ct. at 698; *State v. Philbrick*, 436 A.2d 844, 854 (Me. 1981).

Upon its initial consideration of defendant's motion to suppress, the District Court found defendant *not* to have abandoned his wallet:

> I find that there was no abandonment because I can't find any proof of a voluntary relinquishment of the owner. This is just as consistent with a loss of a license from the back of his pants, as it is with trying to secrete the wallet. There's no suggestion that it was pushed down underneath the seat.

Upon reconsideration, the court in its written order noted its earlier determination of "no abandonment" and left undisturbed its

factual findings that defendant did not discard his wallet intentionally. It nonetheless held that defendant had no expectation of privacy in the wallet at the time it was searched.[1] It appears that the court in reconsideration concluded that although defendant did not intentionally discard his wallet when it was left in the police cruiser, he later relinquished his expectation of privacy through his subsequent actions at the stationhouse. Given the court's factual findings, we agree that defendant did not abandon his wallet when he unintentionally lost it in the back of the cruiser, and we hold that he did not subsequently abandon the wallet by failing to secure it or to acknowledge his ownership when informed by the police that it was not on his person.

■ In *State v. Philbrick*, we explained that "[a]bandonment is primarily a question of intent, and intent may be inferred from words spoken, acts done, and other objective facts.... [t]he typical abandonment case is one where the defendant purposefully discards weapons or contraband while police are approaching or are in hot pursuit." *Id.* at 854–55.[2] Here the district court determined that the circumstances of the present case are consistent with defendant's wallet merely falling out of his pocket, with no indication that he had voluntarily discarded it. It would certainly have buttressed the District Court's finding that defendant merely lost his wallet if, upon discovering it was not on his person, he had actively sought to find it. *See State v. Pidcock*, 306 Or. 335, 759 P.2d 1092 (1988) (court considered defendant's efforts to locate misplaced briefcase in determining it had not been abandoned). The court nonetheless found that defendant lost his wallet unintentionally. Given that defendant did not intentionally discard his wallet but merely lost it, he did not at that time relinquish his expectation of privacy in it and thereby abandon it. *See Rios v. United States*, 364 U.S. 253, 262 n. 6, 80 S.Ct. 1431, 1437 n. 6, 4 L.Ed.2d 1688 (1960) ("a passenger who lets a package drop to floor of taxicab in which he is riding can hardly be said to have 'abandoned' it"); *State v. Pidcock*, 759 P.2d at 1092 (property not abandoned if merely misplaced rather than

---

**1.** The court stated:

> The Defendant did not exhibit an actual subjective expectation of privacy and, even if he had, such an expectation is not one that society is prepared to recognize as "reasonable." ...
>
> When asked by the officer where his wallet was, the Defendant merely shrugged his shoulders. The Defendant failed to take any step to secure his wallet. Finally the Defendant lost the wallet, in a police cruiser. Under these circumstances defendant could have no reasonable expectation of privacy.

**2.** A commentator on the law of search and seizure, assails our holding in *State v. Philbrick*, 436 A.2d 844, 854 (Me.1981), that "[a]bandonment is primarily a question of intent." *See* 1 W. LaFave, Search and Seizure § 2.6(b) at 467 n. 48 (2d ed. 1987). LaFave does not make clear why he attacks that holding, nor does he cite any Supreme Court authority to the contrary. LaFave correctly notes that the question of abandonment is in essence a question of whether one relinquished his expectation of privacy therein. While it may not be necessary for defendant actually to "intend" to abandon the property, whether he intentionally discarded the item or merely lost or mislaid it is plainly relevant to ascertaining whether he had a "subjective expectation of privacy" in the item. Because that latter determination is necessary to

whether he retained a reasonable expectation of privacy in the item, *see California v. Greenwood*, 486 U.S. 35, 39, 108 S.Ct. 1625, 1628, 100 L.Ed.2d 30 (1988); *Katz v. United States*, 389 U.S. 347, 351–53, 88 S.Ct. 507, 511–12, 19 L.Ed.2d 576 (1967); *State v. Cloutier*, 544 A.2d 1277, 1279 (Me.1988), we continue to hold that a defendant's intent with respect to the disposition of an item is a consideration primary to the question of abandonment. Furthermore, *United States v. Colbert*, 474 F.2d 174, 176 (5th Cir. 1973), the case we cited in *Philbrick* for the proposition that "[a]bandonment is primarily a question of. intent," has been widely followed for that proposition. *See, e.g., United States v. Lee*, 916 F.2d 814, 818 (2d Cir.1990); *United States v. Hunter*, 647 F.2d 566, 567 (5th Cir. 1981); *United States v. Binder*, 794 F.2d 1195, 1198 (7th Cir.1986); *United States v. Veatch*, 647 F.2d 995, 998 (9th Cir.1981); *United States v. McKennon*, 814 F.2d 1539, 1546 (11th Cir.1987); *United States v. Thomas*, 864 F.2d 843, 846 (D.C.Cir.1989). Other states also agree that intent is a primary consideration to abandonment. *See State v. Ching*, 678 P.2d 1088 (Hawaii 1984) ("owners of lost property ... do not forfeit all expectations of privacy in their property as though they had intentionally abandoned it"); *Comer v. State*, 754 S.W.2d 656, 659 (Tex.Crim.1986) ("abandonment consists of two components: (1) a defendant must intend to abandon property, and (2) a defendant must freely decide to abandon the property").

**776** 

deliberately left behind).[3] *But see State v. Barrett*, 401 N.W.2d 184 (Iowa 1987) (inadvertent leaving of 143–page personal journal in fast food restaurant justifies finding of abandonment).

[10] We disagree with the District Court's conclusion that at the time defendant learned his wallet was not on his person, by merely shrugging his shoulders and not taking steps to secure his wallet defendant relinquished his expectation of privacy in the wallet. Although a number of courts have held that abandonment may arise out of an express disclaimer of ownership, *see, e.g., United States v. Lee*, 916 F.2d 814 (2nd Cir.1990) (defendant's repeated denials when asked whether he owned checked suitcase amounted to abandonment); *United States v. Lewis*, 921 F.2d 1294 (D.C.Cir.1990) (bus passenger's voluntary denial of ownership of bag in overhead rack constituted abandonment); *United States v. Lucci*, 758 F.2d 153 (6th Cir.1985) (suspects at airport denied having any luggage, agents then found unclaimed luggage with their names on it and searched), abandonment cannot be similarly inferred from mere silence in response to police questioning. As stated by the Hawaiian Supreme Court: "To equate a passive failure to claim potentially incriminating evidence with an affirmative abandonment of property would be to twist both logic and experience in a most uncomfortable knot." *State v. Joyner*, 669 P.2d 152, 153 (Hawaii 1983); *see also United States v. Fields*, 733 F.Supp. 4 (D.D.C.1990) (defendant did not abandon bag when he answered in negative when asked if bag on overhead bus rack above seat was his where other 3 passengers on bus disclaimed ownership).

Thus, we conclude that at no time prior to the officer's search of defendant's wallet did he abandon his expectation of privacy therein. There being no applicable exception to the Fourth Amendment, that search was unlawful and the evidence it produced must be suppressed. *See Wong Sun v. United States*, 371 U.S. 471, 484, 83 S.Ct. 407, 415–16, 9 L.Ed.2d 441 (1963) ("direct and indirect products" of unlawful search cannot "constitute proof against victim of search"). We do not imply by our holding today that the District Court could not have considered defendant's failure to secure the wallet in finding that he intended to discard it. Nonetheless, that is a factual finding that the District Court declined to make.

The entry is:

Judgment vacated. Case remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.

---

**3.** In *State v. Pidcock*, 306 Or. 335, 759 P.2d 1092 (1988), the court held a misplaced briefcase that was not deliberately left behind was not abandoned. The court nonetheless upheld the officer's examination of the contents of the case as a reasonable search undertaken in an effort to identify the owner. On the present facts we cannot similarly declare the search reasonable as an identification search because the District Court expressly found that the searching officer knew to whom the wallet belonged and was not searching it for purposes of identification. That finding is not clearly erroneous.