STATE of Maine

v.

Sean P. LEWIS.

Supreme Judicial Court of Maine.

Argued May 11, 1992.

Decided July 17, 1992.

David Gregory (orally), Office of Dist. Atty., Alfred, for plaintiff.

Patrick S. Bedard (orally), Eliot, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Chief Justice.

Defendant Sean P. Lewis appeals his conviction by the Superior Court (York County, *Fritzsche, J.*), on his conditional guilty plea, of unlawful trafficking in a schedule-Z drug, 17–A M.R.S.A. § 1103 (1983 & Supp.1991). Defendant contends that the Superior Court (*Brodrick, J.*) erred in denying his motion to suppress certain evidence obtained when a State trooper searched two brown bags inside his carry-on bag. We conclude that the search does not fall within any exception to the warrant requirements of the Fourth Amendment to

the U.S. Constitution, and we vacate the judgment.

In denying defendant's suppression motion, the Superior Court made the following factual findings concerning events in the early morning of September 29, 1990:

After arresting defendant Sean Lewis for [operating under the influence] and releasing him on personal recognizance, Trooper Larry McAfee offered to drive Mr. Lewis to a nearby motel. Mr. Lewis asked if he could retrieve a carry-on bag from his car [which the trooper had left off to the side of the road but did not impound] for "underwear." Trooper McAfee agreed. When Mr. Lewis got into the cruiser with the carry-on bag, Trooper McAfee asked him to open it so he could check for guns. Mr. Lewis did open the carry-on bag voluntarily and Trooper McAfee immediately saw two large brown bags inside the carry-on bag and smelled a pungent odor of marijuana. When Trooper McAfee asked to see inside the brown bags, Mr. Lewis got very nervous and shaky and said he would return the carry-on bag to his car. Mr. Lewis got as far as placing the carry-on bag on the roof of his locked car when Trooper McAfee intervened and opened the carry-on bag and the brown bags, revealing two gallon baggies filled with marijuana.

Although those facts are supported by the record, they do not support the court's conclusion that the search of the brown bags was valid. As a general principle, a police officer's warrantless and unreasonable search of an item in which a person has a reasonable expectation of privacy will run afoul of the Fourth Amendment unless the search falls within one of "few specifically established, carefully drawn and much guarded exceptions." *State v. Boilard*, 488 A.2d 1380, 1383 (Me.1985) (citing *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967)). The present search falls within none of those exceptions.

■ We begin by noting that a person's claim of protection under the Fourth Amendment depends not upon the exist-

ence of a property right in the invaded place or personal effect, but upon whether the person had a reasonable expectation of privacy in the thing. *See Katz v. United States*, 389 U.S. at 351–53, 88 S.Ct. at 511–12; *State v. Cloutier*, 544 A.2d 1277, 1279 (Me.1988). One is said to have a reasonable expectation of privacy in a particular thing if the person manifests a subjective expectation of privacy with respect to the object and if society is willing to recognize that expectation as reasonable. *See State v. Cloutier*, 544 A.2d at 1279. Clearly, in the present case, defendant did have a reasonable expectation of privacy, at least with respect to the two brown bags contained inside the carry-on bag. Even though defendant consented to the trooper's looking inside his carry-on bag, he at no time consented to the trooper's looking into the brown bags contained therein. Rather, by expressly terminating his consent when the trooper requested to open the brown bags and by seeking to return them to his car, defendant most certainly manifested a subjective expectation of privacy with respect to those inside bags. Because those bags were always closed and their contents shielded from the trooper's view, society would regard defendant's expectation of privacy in them to be reasonable. *See State v. Blais*, 416 A.2d 1253, 1257 (Me.1980) (defendant had reasonable expectation of privacy in "opaque bag of a type that does not by its nature display its contents, and of rolling up the bag so that its contents were not visible to anyone" seeing the bag).

■ Turning to the existence of any exceptions to the warrant requirements of the Fourth Amendment, we first observe that defendant was, at the time of the search, no longer under arrest. Thus the trooper's search does not qualify as a search incident to defendant's arrest for operating under the influence. Although such a search may be performed quite some time after a defendant's arrest, it may not be performed after the defendant is no longer in custody. *See State v. May*, 608 A.2d 772, 774 (Me.1992).

■ A warrantless search of personal effects is valid pursuant to a second warrant exception, the "exigent circumstances" exception, when "made (i) upon probable cause to believe that the effects contain[ ] evidence of crime and (ii) when it would not [be] practicable to obtain a search warrant first because of certain exigent circumstances." 2 W. LaFave, Search and Seizure § 5.5(c) at 543 (2d ed. 1987); *see also State v. Johnson,* 413 A.2d 931, 933 (Me.1980). In the present case, despite the undisputed existence of probable cause, the State has shown no exigent circumstances to validate the trooper's immediate search of defendant's bags pursuant to that exception. *See State v. Johnson,* 413 A.2d at 933 (State bears burden of proving by a fair preponderance that underlying facts bring case within exception to warrant requirement). As such, the proper police procedure would have been to seize the bags and take them to the stationhouse pending issuance of a warrant for its search. *See United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977).

■ Finally, the State's and the Superior Court's reliance upon the "automobile exception" to the Fourth Amendment, most recently refined by the Supreme Court in *California v. Acevedo,* — U.S. —, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991), is misplaced. The Court in *Acevedo* clarified the automobile exception, which is based on the exigency inherent in a car's mobility together with the diminished expectation of privacy one has in an automobile; the Court held that "[t]he police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained [somewhere in the automobile]." *Acevedo,* — U.S. at —, 111 S.Ct. at 1991. On the present facts, at the time defendant's carry-on bag was inside his automobile, the police did not have any probable cause to believe that defendant possessed any contraband at all, in the car or otherwise. Between the time that the trooper did obtain probable cause to believe the brown bags contained marijuana and the time of his warrantless search, those bags were never *inside* an automobile. Contrary to the Superior Court's reasoning, the fact that the bags came from the car and were in the process of being returned to the car does not trigger the automobile exception.

The evidence obtained pursuant to the trooper's warrantless search of the brown bags inside defendant's carry-on bag, as well as all subsequent statements made by defendant, must be suppressed.

The entry is:

Judgment vacated. Case remanded for further proceedings consistent with the opinion herein.

All concurring.