[No. C015921. Third Dist. Mar. 23, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
PATRICIA ANN SHEPHERD, Defendant and Appellant.

## Counsel

Verna Landis, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assitant Attorney General, Edmund D. McMurray and Doris A. Calandra, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**SIMS, Acting P. J.**—We hold that a woman has no reasonable expectation of privacy in a purse left in a stolen car. Hence, she has no "standing" to contest a search of the purse by police officers.

Following the denial of her motion to suppress evidence[1] (Pen. Code, § 1538.5), defendant entered a negotiated plea of no contest to a charge of receiving stolen property. (Pen. Code, § 496, former subd. 1.) Granted probation, defendant appeals, contending the trial court erred in denying her suppression motion. We disagree and shall affirm.

### Facts

The following facts are adduced from the transcript of the preliminary examination. In the late evening hours of November 27, 1992, El Dorado County Sheriff's Deputy Murphy observed defendant and codefendant Harris standing in front of a Cameron Park liquor store. Harris was arrested on two outstanding traffic warrants. Murphy let defendant go when a warrant check on a false name she provided revealed no warrants.

In the early morning hours of November 28, 1992, El Dorado County Sheriff's Deputy Kenneth Danielson observed a truck parked around the corner from the Cameron Park liquor store. He noticed the license plate on the front of the truck differed from the back plate. Danielson learned the truck apparently had been stolen in Sacramento the day before.

Sheriff's deputies searched the truck. The truck's doors were unlocked, and the ignition had been punched out. A purse containing documents bearing defendant's name lay on the driver's side floorboard. The deputies also found duffel bags in the bed of the truck, which contained papers bearing defendant's and Harris's names.

From a photograph found in the purse, Deputy Murphy identified defendant as the individual he had released earlier. He later arrested defendant. Defendant told Murphy someone had given the truck to Harris. She also stated she did not know the truck was stolen, but should have presumed it had been stolen because the ignition was punched.

Relying on *People* v. *Melnyk* (1992) 4 Cal.App.4th 1532 [6 Cal.Rptr.2d 570], the trial court denied the suppression motion, ruling neither defendant nor codefendant Harris had "standing" to challenge the search of the truck.

---

[1]The record indicates defendant joined in the motion to suppress filed by her codefendant, Wesley Lynn Harris.

## Discussion

▆ Defendant contends "she had a reasonable expectation of privacy in the contents of her purse, and her Fourth Amendment right to privacy was violated when Deputy Sheriff Danielson searched her purse and seized the contents; therefore, the trial court erred in finding that [defendant] lacked standing to challenge the search of her purse."[2]

▆ "Before reaching the question whether the officer's [action] was a 'search' . . . , we must determine whether the challenged action by the officer 'has infringed an interest of the defendant which the Fourth Amendment was designed to protect.' (*Rakas* v. *Illinois* (1978) 439 U.S. 128, 140 [58 L.Ed.2d 387, 399, 99 S.Ct. 421]; Cal. Const., art. I, § 28, subd. (d); *In re Lance W.* (1985) 37 Cal.3d 873, 882-883 [210 Cal.Rptr. 631, 694 P.2d 744].) [¶] An illegal search or seizure violates the federal constitutional rights only of those who have a legitimate expectation of privacy in the invaded place or seized thing. [Citation.] The legitimate expectation of privacy must exist in the *particular area searched or thing seized* in order to bring a Fourth Amendment challenge. [Citations.] A defendant bears the burden to show he had such an expectation. [Citations.] Factors to consider in the determination include ' "whether the defendant has a [property or] possessory interest in the thing seized or the place searched; whether he has the right to exclude others from that place; whether he has exhibited a subjective expectation that it would remain free from governmental invasion, whether he took normal precautions to maintain his privacy and whether he was legitimately on the premises." ' [Citations.]" (*People* v. *Hernandez* (1988) 199 Cal.App.3d 1182, 1188-1189 [245 Cal.Rptr. 513], italics in original, fn. omitted; followed in *People* v. *McPeters* (1992) 2 Cal.4th 1148, 1171-1172 [9 Cal.Rptr.2d 834, 832 P.2d 146].)

In *People* v. *Melnyk, supra,* 4 Cal.App.4th at pages 1533-1534, the court held a car thief lacks "standing" to attack an allegedly illegal search and seizure of the vehicle. Relying on *Rakas* v. *Illinois* (1978) 439 U.S. 128, 141, footnote 9 [58 L.Ed.2d 387, 399-400, 99 S.Ct. 421], the court concluded that an individual not legally present in a vehicle cannot invoke the privacy of the premises searched. (*Melnyk, supra,* 4 Cal.App.4th at pp. 1533-1534.)

▆ Here, defendant had no legitimate expectation of privacy in the stolen truck. She contends she retained a privacy interest in her purse, left in the truck. We cannot agree. We noted in *People* v. *Hernandez, supra,* 199 Cal.App.3d at page 1189, that an important consideration in evaluating a

---

[2]Defendant's argument is limited to the search of her purse; she does not allege "standing" as to the duffel bags found in the bed of the truck.

privacy interest is whether a person has taken normal precautions to maintain his or her privacy. Whether a woman has a legitimate privacy interest in the contents of her purse depends in part on where the purse is located. Thus, a woman who forgetfully leaves her purse on a chair at the dress shop may reasonably expect someone to look inside it to ascertain the rightful owner. (See *People* v. *Juan* (1985) 175 Cal.App.3d 1064 [221 Cal.Rptr. 338] [man had no reasonable expectation of privacy in jacket left at restaurant].) Similarly, one who leaves her purse in a stolen vehicle may reasonably expect someone to look in the purse to ascertain the identity of the victim or the thief. In short, by leaving her purse in a stolen vehicle, defendant failed to take normal precautions to maintain her privacy interest in the purse.

*People* v. *Glick* (1988) 203 Cal.App.3d 796 [250 Cal.Rptr. 315], cited by defendant, is of no assistance to her. *Glick* held only that the driver of a stolen vehicle has "standing" to challenge the legality of the initial detention. (*Id.* at pp. 799-800.) The basis of that holding is the proposition that one retains a privacy interest against an unreasonable seizure of one's person. (*Ibid.*) In this case, defendant did not challenge (nor, under the facts presented, could she reasonably do so) her original detention by Deputy Murphy.

The trial court correctly denied the motion to suppress evidence.

### DISPOSITION

The judgment (order granting probation) is affirmed.

Scotland, J., and Raye, J., concurred.