Filed 7/19/16  P. v. Baca CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C077956 |
| v. | (Super. Ct. No. SF128067A) |
| STEVEN MICHAEL DEAN BACA, | |
| Defendant and Appellant. | |

Prior to trial, defendant filed a motion to suppress evidence pursuant to Penal Code section 1538.5.[1]  The trial court denied the motion, finding defendant did not have a reasonable expectation of privacy in the contents of the backpack at the time it was searched because he had abandoned the backpack when he fled from the officer.  On appeal defendant contends the trial court erred in denying his motion to suppress

---

[1]     Undesignated statutory references are to the Penal Code.

evidence.  We conclude the warrantless search of defendant's backpack did not violate the Fourth Amendment because substantial evidence supports the trial court's finding defendant abandoned the backpack when he fled from the officers.  We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The facts are taken from the evidence presented at the hearing on defendant's motion to suppress.  On May 9, 2014, Manteca Police Sergeant Gregg Beall and Stockton Police Lieutenant Michael Reynosa were on patrol in the city of Stockton as part of the San Joaquin County Gang Task Force.  Lieutenant Reynosa was driving and Sergeant Beall was in the passenger seat.  The officers were patrolling one of the most violent areas in Stockton; it was known for a high occurrence of gang activity (including Norteño gang activity), narcotics trade, and shootings.

At about 5:30 p.m., the officers observed defendant and a female riding their bicycles against traffic.  Defendant was wearing a solid red T-shirt Sergeant Beall knew was a very common style of dress for Norteño gang members.  Defendant was also carrying a backpack.  Lieutenant Reynosa activated the patrol car's overhead lights to conduct a traffic stop.  Defendant looked back at the officers at least twice but did not stop.  He finally stopped after Sergeant Beall opened his door and ordered him to do so.  Because it appeared defendant was "going to take off," Sergeant Beall got out of the patrol car while it was still moving.

Before he began questioning defendant, Sergeant Beall took defendant's backpack and placed it several feet away from him.  During their conversation, defendant told Sergeant Beall he had recently been arrested for attempted murder.  Defendant stated he had "beat" the case or it had been dismissed.  Following this exchange, Sergeant Beall

2

conducted a patdown search of defendant and discovered a folding pocket knife in his right front pocket.[2]

Sergeant Beall asked defendant if the backpack he was carrying belonged to him. Defendant quickly responded: "[Y]es, [but] you can't search it." Given the fact he had not asked defendant if he could search the backpack, defendant's quick response, and the way he was dressed, Sergeant Beall moved the backpack away from him. When Sergeant Beall picked up the backpack, he noticed the weight inside was "localized" at the bottom. To support the weight, Sergeant Beall placed his hand underneath the backpack. As soon as he did so, defendant took off running.

Sergeant Beall pursued defendant on foot while carrying the backpack. After Sergeant Beall lost defendant in the bushes when he was running, he searched the backpack and discovered a loaded .357 Smith & Wesson revolver and a loaded .22-caliber Rosco Arms pistol. A perimeter was established and defendant was ultimately apprehended.

Defendant was charged with two counts of being a felon in possession of a firearm (§ 29800, subd. (a)(1)) and two counts of being a felon in possession of ammunition (§ 30305, subd. (a)(1)). In addition, it was alleged defendant had served three prior prison terms (§ 667.5, subd. (b)), and had sustained a prior strike conviction (§§ 1170.12, subd. (b), 667, subd. (d)).[3]

---

[2] Sergeant Beall testified he conducted a patdown search of defendant for his safety and the safety of his partner. Based on his training and 12 years of experience with gangs, Sergeant Beall knew gang members frequently carry a weapon.

[3] Prior to trial, the People amended the information to eliminate one of the felon in possession of ammunition counts, and added the allegation defendant had sustained a prior strike conviction. (§§ 1170.12, subd. (b), 667, subd. (d).) In addition, the trial court granted the People's motion to strike one of the three prior prison term allegations.

Prior to trial, defendant filed a motion to suppress. The trial court denied the motion, finding defendant did not have a reasonable expectation of privacy in the contents of the backpack at the time it was searched because he had abandoned the backpack when he fled from the officers.

Following a jury trial, defendant was found guilty of two counts of being a felon in possession of a firearm (§ 29800, subd. (a)(1)) and one count of being a felon in possession of ammunition (§ 30305, subd. (a)(1)). In a bifurcated proceeding, the trial court found true the allegations defendant had served two prior prison terms (§ 667.5, subd. (b)) and had a prior strike conviction (§§ 1170.12, subd. (b), 667, subd. (d)). The trial court sentenced defendant to serve nine years four months in prison.

Defendant filed a timely notice of appeal.

DISCUSSION

Defendant contends the trial court erred by denying his motion to suppress because the warrantless search of his backpack was unlawful. According to defendant, he did not abandon his backpack because he fled after it was illegally seized by Sergeant Beall. We disagree.

"Our review of issues related to the suppression of evidence seized by the police is governed by federal constitutional standards." (*People v. Lenart* (2004) 32 Cal.4th 1107, 1118.) "In reviewing a trial court's ruling on a motion to suppress evidence, we defer to that court's factual findings, express or implied, if they are supported by substantial evidence. [Citation.] We exercise our independent judgment in determining whether, on the facts presented, the search or seizure was reasonable under the Fourth Amendment." (*Id.* at p. 1119.)

"The Fourth Amendment to the federal Constitution guarantees against unreasonable searches and seizures by law enforcement and other government officials."

4

(*People v. Parson* (2008) 44 Cal.4th 332, 345.)  "It has long been settled, however, that a warrantless search and seizure involving abandoned property is not unlawful, because a person has no reasonable expectation of privacy in such property."  (*Ibid.*)

"[T]he intent to abandon [property] is determined by *objective* factors, not the defendant's subjective intent.  ' "Abandonment is primarily a question of intent, and the intent may be inferred from words, acts, and other objective facts.  [Citation.] Abandonment [in the context of the Fourth Amendment] is not meant in the strict property-right sense, but rests instead on whether the person so relinquished his [or her] interest in the property that he [or she] no longer retained a reasonable expectation of privacy in it at the time of the search." ' " (*People v. Daggs* (2005) 133 Cal.App.4th 361, 365-366, italics added.)  "[P]roperty is abandoned when a defendant voluntarily discards it in the face of police observation, or imminent lawful detention or arrest, to avoid incrimination." (*Id.* at p. 365.)  "The question whether property is abandoned is an issue of fact, and the court's finding must be upheld if supported by substantial evidence. [Citation.]" (*Ibid.*)

We conclude the warrantless search of defendant's backpack did not violate the Fourth Amendment.  Substantial evidence supports the trial court's finding defendant abandoned the backpack when he fled from the officers.  Defendant's decision to take flight and leave the backpack behind after he was lawfully detained demonstrated an intent on his part to abandon the backpack and its contents.  As such, defendant did not have an objectively reasonable expectation of privacy in the contents of the backpack at the time it was searched by Sergeant Beall.  (See *People v. Brown* (1990) 216 Cal.App.3d 1442, 1451 ["defendant's act of dropping the bag before making a last-ditch effort to evade the police supports the trial court's finding that defendant indeed abandoned the paper bag and lost any reasonable expectation of privacy in its contents"].)

5

We reject defendant's contention the search of his backpack was unlawful because Sergeant Beall illegally seized it.[4]  "[T]he Fourth Amendment . . . permit[s] a brief detention of property on the basis of only 'reasonable, articulable suspicion' that it contains contraband or evidence of criminal activity, [citation] . . . ." (*Smith v. Ohio* (1990) 494 U.S. 541, 542 [108 L.Ed.2d 464].)  Here, the evidence demonstrated Sergeant Beall had 12 years of experience with gangs and he knew from his training and experience gang members frequently carry a weapon.  Sergeant Beall observed defendant violate a traffic law in a high crime area known for gang activity.  He also observed defendant wearing a solid red shirt he knew was a very common style of dress for Norteño gang members.  When the officers attempted to conduct a traffic stop, defendant did not immediately yield and then acted as if he were about to flee.  Once detained, defendant told Sergeant Beall he had recently been arrested for attempted murder.  In addition, a patdown search revealed defendant was carrying a knife in his front pocket.  In response to Sergeant Beall's question about whether the backpack belonged to him, defendant quickly responded that he could not search his backpack.  Based on these facts, we conclude Sergeant Beall was justified in briefly detaining the backpack since it was reasonable for him to believe it contained a weapon or evidence of criminal activity.  Accordingly, because the abandonment of the backpack was not the direct result of an

---

**4**      Defendant does not dispute that he was lawfully detained for violating a traffic law.  Nor does he argue the detention was unduly prolonged, or the patdown search was illegal.  Instead, he argues the search of his backpack was unlawful because the backpack was illegally seized when Sergeant Beall picked it up and moved it farther away from him.  It has long been recognized where the abandonment is the direct result of unlawful police conduct, then the evidence so seized is the product of an illegal act in violation of constitutional guarantees and thus inadmissible. (See *Badillo v. Superior Court* (1956) 46 Cal.2d 269, 273 [contraband thrown during flight following an unlawful entry].)

6

unlawful seizure, the guns discovered inside were not obtained in violation of the Fourth Amendment.

## DISPOSITION

The judgment is affirmed.

_____/s/_____
HOCH, J.

We concur:

_____/s/_____
HULL, Acting P. J.

_____/s/_____
RENNER, J.