Filed 6/11/26  P. v. Garcia CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FREDY GARCIA,<br><br>    Defendant and Appellant. | B343106<br><br>(Los Angeles County<br>Super. Ct. No.<br>24CMCF00006) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Carol J. Najera, Judge.  Affirmed.

Susan L. Ferguson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Megan A. Banke, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Fredy Garcia (Garcia) appeals from his convictions for possession of a firearm by a felon and giving false information to a police officer.  Garcia challenges the trial court's denial of his motion to suppress evidence found during a search of a backpack.  We affirm.

## BACKGROUND

### I.  Facts[1]

On the evening of December 29, 2023, Los Angeles County Sheriff's Deputies German Zambrano and Keegan Lynn were patrolling the area of Bullis Road and Tucker Street.  The deputies stopped an SUV with an expired registration after the SUV had entered a laundromat's parking lot.  As the SUV came to a stop in a parking spot, three individuals quickly exited from the passenger side of the vehicle.  Shortly thereafter, Garcia, who was driving, exited the vehicle.

The deputies exited their vehicle and made contact with the four individuals.  The deputies asked Garcia if the SUV belonged to him.  Garcia answered in the negative, so the deputies detained him and his passengers pending a stolen vehicle investigation.

Deputy Lynn searched the SUV.  His attention was then drawn to the front, where a backpack was on the ground about two feet from the vehicle.  The area was illuminated by the SUV's headlights.  The main compartment of the backpack was unzipped and open.  Deputy Lynn searched the backpack and discovered a firearm.  Deputy Lynn also found an identification

---

[1]      We draw these facts from the testimony and evidence presented at the concurrently held hearing on the motion to suppress and preliminary hearing.

card with Garcia's photograph but a different name than the one he provided to the deputies.

## II.  Procedural History

The Los Angeles County District Attorney's Office filed an information charging Garcia with one count of felony possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1))[2] and one count of giving false information to a police officer, a misdemeanor (§ 148.9, subd. (a)).  At the preliminary hearing, Garcia moved to suppress the firearm under section 1538.5.  Deputy Zambrano was the only witness at the hearing.

Deputy Zambrano did not see Deputy Lynn locate and search the backpack because he was in the patrol vehicle with Garcia and one of the passengers.  Rather, Deputy Zambrano testified about those events based upon having watched Deputy Lynn's body camera video.  The People did not introduce the video as an exhibit.  However, Garcia's counsel did introduce the video as an exhibit and cross-examined Deputy Zambrano based upon its contents.

Following the hearing, the trial court denied the motion to suppress, finding that Deputy Lynn was entitled to search the backpack because it had been abandoned in front of the vehicle.  Garcia later filed a written motion to suppress under section 1538.5, subdivision (i), which the court also denied.

Garcia proceeded to trial and was convicted on both counts.  The trial court sentenced Garcia to a total of three years in state prison.  This timely appeal follows.

---

[2]     All further statutory references are to the Penal Code unless otherwise indicated.

# DISCUSSION

## I.  Applicable Law

A defendant may move to suppress evidence obtained during a warrantless search on the ground that the search was unreasonable.  (§ 1538.5, subd. (a)(1)(A).)  Unreasonable searches and seizures are prohibited under the Fourth Amendment to the United States Constitution.  (*People v. Lopez* (2019) 8 Cal.5th 353, 359.)  "Warrantless searches 'are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.'  [Citations.]"  (*Ibid.*)

One such exception is a search of abandoned property, because people have no reasonable expectation of privacy in property they abandon.  (*People v. Parson* (2008) 44 Cal.4th 332, 345.)  Whether property is abandoned is an issue of fact.  (*People v. Daggs* (2005) 133 Cal.App.4th 361, 365 (*Daggs*).)

## II.  Standards of Review

In ruling on a section 1538.5 motion to suppress, the trial court "sits as a finder of fact with the power to judge credibility, resolve conflicts, weigh evidence, and draw inferences[.]"  (*People v. Laiwa* (1983) 34 Cal.3d 711, 718.)  On appellate review, we "must uphold the [trial] court's express or implied findings if they are supported by substantial evidence.  [Citation.]"  (*Ibid.*)  We exercise our independent judgment to determine whether the search was reasonable under the Fourth Amendment.  (*People v. Macabeo* (2016) 1 Cal.5th 1206, 1212.)

## III.  There Is No Basis to Reverse Under the Secondary Evidence Rule

Garcia argues the trial court erred in admitting Deputy Zambrano's testimony about the backpack, which was based upon him having watched Deputy Lynn's body camera video, per the

4

secondary evidence rule. The rule generally prohibits the admission of oral testimony to prove the content of writings, which include videos. (*People v. Gonzalez* (2021) 12 Cal.5th 367, 410 (*Gonzalez*); see also Evid. Code, § 1523.)

We need not determine whether Garcia forfeited this issue, as argued by respondent. Garcia's counsel cured any violation of the secondary evidence rule by introducing the body camera video herself. Once the video was admitted into evidence, Deputy Zambrano's testimony served to highlight and explain evidence that was already in the record, which is permissible. (*Gonzalez*, *supra*, 12 Cal.5th at pp. 410–411; *People v. Son* (2020) 56 Cal.App.5th 689, 696.) Although the trial court indicated that it had not watched the portion of the video where the backpack was recovered, Garcia forfeited any claim of error in this regard. The entire video was in evidence. Garcia's counsel elected not to play that portion of the video in open court. Garcia's counsel did not ask the court to watch that portion of the video in chambers before ruling on the motion. Nor did Garcia's counsel object to the court ruling on the motion without having watched that portion of the video.

Nevertheless, any error was harmless. There was no dispute that the backpack was recovered in a public parking lot in front of the vehicle. There was no dispute that Deputy Lynn recovered a firearm from the backpack. Deputy Lynn's body camera video is in evidence and supports the trial court's ruling independently of Deputy Zambrano's testimony. Thus, it is not "reasonably probable that a result more favorable to [Garcia] would have been reached in the absence of the error." (*People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*); see also *People v. Partida* (2005) 37 Cal.4th 428, 439 (*Partida*) ["Absent

5

fundamental unfairness, state law error in admitting evidence is subject to the traditional *Watson* test"].)

Accordingly, there is no basis to reverse the trial court's ruling under the secondary evidence rule.

## IV.  There is Substantial Evidence of Abandonment

There is substantial evidence to support the trial court's finding that Garcia abandoned the backpack.  "[P]roperty is abandoned when a defendant voluntarily discards it in the face of police observation, or imminent lawful detention or arrest, to avoid incrimination." (*Daggs*, *supra*, 133 Cal.App.4th at p. 365.) Here, Deputy Lynn discovered a backpack, left unattended, unzipped and open, in a public parking lot.  The backpack was in a grassy area between the vehicle and a wall, easily visible from several vantage points, and the vehicle's headlights illuminated the area.  The backpack was not concealed, for example, underneath the vehicle or in some other dark, hidden place. These facts support the trial court's finding that Garcia abandoned the backpack.

Garcia argues that he placed the open backpack in the parking lot to protect his property from the deputies.  Garcia cites two United States Supreme Court cases, but both are distinguishable.  In *Smith v. Ohio* (1990) 494 U.S. 541, the defendant placed a grocery bag on the hood of his car and used his hand to protect the bag against the officer's search.  (*Id.* at p. 542.)  In *Rios v. United States* (1960) 364 U.S. 253, the defendant placed a package on the floor of the vehicle in which he was riding, which suggested no intent to abandon the property. (*Id.* at p. 262, fn. 6.)  By contrast, Garcia placed the open backpack in a visible location in a public parking lot and walked away.

Garcia also cites a series of cases from other jurisdictions. Many are distinguishable. For example, in *New York v. Pacheco* (N.Y.App.Div. 1985) 107 A.D.2d 473 (*Pacheco*) and *Stanberry v. State* (Md.Ct.App. 1996) 343 Md. 720 (*Stanberry*), the defendants placed their closed bags in locations intended for storage of such items—namely, a shelf and an overhead luggage rack, respectively. (*Pacheco*, *supra*, at pp. 475–476; *Stanberry*, *supra*, at pp. 737–738.) Here, Garcia left an open backpack in a public parking lot.

More important, though, whether property is abandoned is a highly fact-specific inquiry. Our role is to determine whether the trial court's finding is supported by substantial evidence. We answer this question in the affirmative based upon the body camera video admitted into evidence.

## V. There Is No Basis to Reverse Based upon the Admission of Hearsay

Finally, Garcia argues the trial court erred by relying on hearsay in denying the motion to suppress. The Evidence Code, including the hearsay rules, applies to motions to suppress under section 1538.5. (*People v. Hawkins* (2012) 211 Cal.App.4th 194, 199.)

Here, Deputy Zambrano testified: "[Deputy Lynn] informed me that as he exited the vehicle . . . [Garcia] became aware . . . of our presence, us being there, and then he went back towards . . . the driver's side, and then quickly returned back towards the rear of the car again." The trial court relied on this testimony in denying the motion to suppress: "The driver gets out, and although you did not show me this portion of the video as to where the backpack was recovered, but what . . . [Deputy] Zambrano said was that Deputy Lynn had said to him that the

7

driver got out, walked to the front of the car, and then walked back to the rear of the vehicle . . . ."

Garcia forfeited this issue because he did not timely object to this testimony. (Evid. Code, § 353.) Regardless, any error is harmless because the body camera video is sufficient evidence to support the trial court's finding of abandonment. (See *Partida*, *supra*, 37 Cal.4th at p. 439; *Watson*, *supra*, 46 Cal.2d at p. 836.) For this reason, we need not reach Garcia's argument that Deputy Zambrano's testimony was false because Deputy Lynn testified at trial that he did not observe Garcia walk to the front of the vehicle and then turn around.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

GOORVITCH, J.

We concur:

CHAVEZ, Acting P. J.

RICHARDSON, J.

9