[No. B235415. Second Dist., Div. Five. Nov. 20, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSEPH HAWKINS, Defendant and Appellant.

196

**COUNSEL**

Lyn A. Woodward, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback II and Sonya Roth, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MOSK, J.—**

## INTRODUCTION

Defendant and appellant Joseph Hawkins (defendant) pleaded no contest to three counts of possession of a firearm by a felon (Pen. Code, former § 12021, subd. (a)(1)),[1] one count of possession of ammunition (former § 12316, subd. (b)(1)), and one count of corporal injury to a spouse or cohabitant (§ 273.5, subd. (a)). Defendant appeals the denial of his motion to suppress evidence, contending that the magistrate erred by admitting hearsay evidence concerning a purported written consent to a search of his home. Defendant also contends that the trial court erred in imposing a $20 DNA penalty assessment pursuant to Government Code section 76104.7. We hold that defendant forfeited his contention, not raised before the trial court, that the magistrate erred by admitting hearsay evidence resulting in the denial of his motion to suppress. We also order the trial court to issue an amended abstract of judgment that does not impose a $20 DNA penalty assessment. We otherwise affirm the judgment.

## BACKGROUND

### A. *Factual Background*[2]

Defendant and Nicole Hall had been dating for about four years. Defendant and Hall had an altercation at defendant's house, and Hall called 911. Los Angeles County Sheriff's Deputy Joel Macias responded to the 911 call. According to Deputy Macias, when he arrived at defendant's house, Hall told him that defendant had hit her in the head with a brick. Hall also told the deputy that defendant had guns and marijuana in the house.

Defendant was detained at the front door of the home. According to Deputy Macias, defendant, after waiving his *Miranda*[3] rights, told him of defendant's possession of three guns in the home, where they were located, and that there was marijuana in the house. Deputy Macias said defendant gave him both oral and written consent to search the residence. Following a search, two handguns, a shotgun, and marijuana were found in defendant's residence.

---

[1] All statutory citations are to the Penal Code unless otherwise noted.
[2] The facts are taken from the transcript of the preliminary hearing.
[3] *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602].

B. *Procedural Background*

Defendant made a motion pursuant to section 1538.5 to suppress evidence obtained as the result of the search and seizure, which motion was heard at the preliminary hearing. (§ 1538.5, subd. (b).) The magistrate denied the motion.

The District Attorney of Los Angeles County filed an information charging defendant with three counts of possession of a firearm by a felon in violation of former section 12021, subdivision (a)(1) (counts 1–3), one count of possession of marijuana for sale in violation of Health and Safety Code section 11359 (count 4), one count of possession of ammunition in violation of Penal Code former section 12316, subdivision (b)(1) (count 5), and one count of corporal injury to a spouse or cohabitant in violation of section 273.5, subdivision (a) (count 6). The district attorney alleged as to counts 1 through 5 that defendant suffered one prior strike conviction within the meaning of sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (i). The trial court granted the prosecution's motion to dismiss count 4, and counts 5 and 6 were renumbered as counts 4 and 5, respectively.

Defendant moved in the trial court, pursuant to section 995, to dismiss the information, raising the search and seizure issue. The trial court denied the motion. Defendant then pleaded no contest to all counts, and the trial court struck the prior strike allegation. The trial court sentenced defendant to state prison on count 1 to the middle term of two years. The trial court also sentenced defendant to two years on counts 2 through 4, and one year on count 5, all to be served concurrently with his sentence on count 1. The trial court awarded defendant two days of actual custody credit.

The trial court ordered defendant to pay a $200 court security assessment pursuant to section 1465.8, subdivision (a)(1), a $150 criminal conviction assessment pursuant to Government Code section 70373, a $200 restitution fine pursuant to Penal Code section 1202.4, subdivision (b), and a $20 DNA penalty assessment pursuant to Government Code section 76104.7. The trial court also imposed, but stayed, a section 1202.45 $200 parole revocation restitution fine.

## DISCUSSION

A. *Magistrate's Admission of Hearsay Evidence During the Hearing of Defendant's Motion to Suppress*

Defendant contends that the magistrate erred by considering hearsay evidence in denying the motion to suppress. Defendant forfeited this contention because he did not raise that hearsay issue in the subsequent section 995 dismissal motion filed in the trial court.

1. *Applicable Law and Standard of Review*

■    The Fourth Amendment to the United States Constitution guarantees freedom from unreasonable search and seizure. (U.S. Const., 4th Amend.; U.S. Const., 14th Amend.; *People v. Rogers* (2009) 46 Cal.4th 1136, 1156 [95 Cal.Rptr.3d 652, 209 P.3d 977]; see Cal. Const., art. I, § 13.) A warrantless search and seizure is presumptively unreasonable under the Fourth Amendment. (*People v. Rogers, supra,* 46 Cal.4th at p. 1156.) An "established exception to the warrant requirement is when consent is given by one authorized to give it. [Citations.] By consenting to a warrantless search, one waives the right protected by the Fourth Amendment. [Citations.] [¶] . . . [¶] . . . [C]onsent to enter and search may be express or implied . . . . [Citations.]" (*People v. Superior Court (Chapman)* (2012) 204 Cal.App.4th 1004, 1011–1012 [139 Cal.Rptr.3d 298].)

■    A defendant may file a motion to suppress evidence obtained as a result of a warrantless and unreasonable search or seizure. (§ 1538.5.) Section 1538.5 provides for the procedure by which a defendant may seek suppression of evidence on Fourth Amendment grounds. (§ 1538.5, subd. (m); *People v. Brooks* (1980) 26 Cal.3d 471, 475 [162 Cal.Rptr. 177, 605 P.2d 1306].)[4] The California Supreme Court has said that for a defendant in a criminal case, that section "provides a comprehensive and exclusive procedure for the final determination of search and seizure issues prior to trial." (*People v. Brooks, supra,* 26 Cal.3d at p. 475.) The Evidence Code, including hearsay rules, applies to section 1538.5 motions. (Evid. Code, §§ 130, 300; *Hewitt v. Superior Court* (1970) 5 Cal.App.3d 923, 927 [85 Cal.Rptr. 493].)

■    As done here, section 1538.5, subdivision (f)(1) permits a motion to suppress evidence obtained by a search to be heard at the preliminary hearing.[5] A defendant may obtain appellate review of the denial of the motion in his or her postconviction appeal (§ 1538.5, subds. (f), (m)), even if there is a guilty plea (§ 1538.5, subd. (m)). In order to obtain direct appellate review of a magistrate's denial of a motion to suppress evidence under section 1538.5

---

[4] Section 1538.5, subdivision (m) provides, in part: "The proceedings provided for in this section, and Sections 871.5, 995, 1238, and 1466 shall constitute the sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure where the person making the motion for the return of property or the suppression of evidence is a defendant in a criminal case and the property or thing has been offered or will be offered as evidence against him or her."

[5] Section 1538.5, subdivision (f)(1) provides, "If the property or evidence relates to a felony offense initiated by a complaint, the motion shall be made only upon filing of an information, except that the defendant may make the motion at the preliminary hearing, but the motion shall be restricted to evidence sought to be introduced by the people at the preliminary hearing."

at the preliminary hearing, a defendant must either renew the motion[6] in the trial court or challenge the legality of the search in a motion to dismiss under section 995.[7] (*People v. Lilienthal* (1978) 22 Cal.3d 891, 896 [150 Cal.Rptr. 910, 587 P.2d 706]; *People v. Richardson* (2007) 156 Cal.App.4th 574, 586–595 [67 Cal.Rptr.3d 552]; *People v. Hoffman* (2001) 88 Cal.App.4th 1, 3 [105 Cal.Rptr.2d 372].)[8] When a motion to suppress evidence under section 1538.5 is denied at the preliminary hearing and reviewed by the trial court in a section 995 proceeding, even though the appeal is from the trial court, we, in effect, review the magistrate's decision directly, deferring to the magistrate's factual findings. (*People v. McDonald* (2006) 137 Cal.App.4th 521, 529 [40 Cal.Rptr.3d 422]; *People v. Woods* (1993) 12 Cal.App.4th 1139, 1147 [15 Cal.Rptr.2d 906]; *People v. Superior Court (Cooper)* (2003) 114 Cal.App.4th 713, 717 [7 Cal.Rptr.3d 862].)

" 'In a proceeding under section 995, the superior court's role is similar to that of an appellate court reviewing the sufficiency of the evidence to sustain a judgment. [Citation.] The superior court merely reviews the evidence; it does not substitute its judgment on the weight of the evidence nor does it resolve factual conflicts. [Citation.]' " (*People v. Magee* (2011) 194 Cal.App.4th 178, 182 [123 Cal.Rptr.3d 689], quoting *People v. McDonald, supra,* 137 Cal.App.4th at p. 529.) "On appeal from a section 995 review of the denial of a defendant's motion to suppress, we review the determination of the magistrate at the preliminary hearing. [Citations.] We must draw all presumptions in favor of the magistrate's factual determinations, and we must uphold the magistrate's express or implied findings if they are supported by substantial evidence. [Citations.]" (*People v. McDonald, supra,* 137 Cal.App.4th at p. 529.)

---

[6] Section 1538.5, subdivision (i) states, in part, "If the property or evidence obtained relates to a felony offense initiated by complaint and the defendant was held to answer at the preliminary hearing, or if the property or evidence relates to a felony offense initiated by indictment, the defendant shall have the right to renew or make the motion at a special hearing relating to the validity of the search or seizure . . . . If the [suppression] motion was made at the preliminary hearing, unless otherwise agreed to by all parties, evidence presented at the special hearing shall be limited to the transcript of the preliminary hearing and to evidence that could not reasonably have been presented at the preliminary hearing, except that the people may recall witnesses who testified at the preliminary hearing." As to other situations in which the defendant may relitigate the issues raised in a section 1538.5, subdivision (f) motion, see section 1538.5, subdivisions (g) and (h).

[7] Section 995 provides in part, "(a) . . . [T]he . . . information shall be set aside by the court in which the defendant is arraigned, upon his or her motion, in . . . the following case[]: [¶] . . . [¶] (2) If it is an information: [¶] . . . [¶] (B) That the defendant had been committed without reasonable or probable cause."

[8] As to when a defendant pleads guilty before the magistrate, compare *People v. Callahan* (1997) 54 Cal.App.4th 1419, 1423–1424, 1426–1427 [63 Cal.Rptr.2d 684] with *People v. Richardson, supra,* 156 Cal.App.4th at pages 582–595 and *People v. Garrido* (2005) 127 Cal.App.4th 359, 364–366 [25 Cal.Rptr.3d 494].

## 2. *Background Facts*

At the preliminary hearing, the magistrate heard defendant's motion to suppress evidence. During the hearing, Deputy Macias testified that defendant consented, both orally and in writing, to the search that culminated in the seizure of evidence.

After defendant's handwriting expert opined that the signature on the written consent form did not match the exemplars of defendant's handwriting, the prosecutor called Los Angeles County Sheriff's Detective Adam Kirste to testify. The following exchange occurred during Detective Kirste's testimony regarding the opinion of Melvin Cavanaugh, a Los Angeles County Sheriff's questioned document examiner: "[Prosecutor:] Okay. And in speaking with Mr. Cavanaugh, did he form an opinion, having looked at all of those signatures, as to whether they were all completed by the same person? [Detective Kirste:] Yes, he formed an opinion. [Prosecutor:] And what was his opinion? [Defendant's counsel:] Objection, Your Honor, hearsay. [Trial Court:] It's prop. 115.[9] So overruled on that basis. [Defendant's counsel:] But this goes to my 1538.5 motion. [Trial court:] I know. It's a prelim. Prop. 115 applies even to a motion to suppress. You filed it now, so it comes in."

Detective Kirste testified that Cavanaugh opined that the signature on the written consent form matched the exemplars of defendant's handwriting. Detective Kirste also testified that Cavanaugh provided him with a written report[10] consistent with that opinion. The magistrate denied defendant's motion to suppress the evidence on the basis that he "believe[d] [defendant] consented." Defendant was held to answer the charges, i.e., *probable cause* existed to hold defendant for trial.

No motion to suppress evidence was filed after defendant was held to answer, but defendant filed with the trial court a motion to dismiss pursuant to section 995—a ground being the validity of the search and seizure. Defendant complained that a fraud on the court had occurred. The dismissal motion stated in part, "Defendant was held to answer without probable cause because the only evidence presented at the preliminary hearing that connects him to the crimes as charged was seized in violation of applicable principles

---

[9] Proposition 115, entitled the "Crime Victims Justice Reform Act," which made changes to a number of provisions to the California Constitution and Penal Code, authorized, inter alia, the admission of hearsay evidence at preliminary hearings in criminal cases. (See *Whitman v. Superior Court* (1991) 54 Cal.3d 1063 [2 Cal.Rptr.2d 160, 820 P.2d 262].)

[10] The report is not contained in the record before us.

of search and seizure law." Defendant's points and authorities in support of his suppression motion stated as follows regarding the search and seizure issue: "Holding a Defendant to answer on charges based on illegal evidence is deemed holding the defendant without probable cause. [Citation.] The reviewing judge can determine the legality of the search an[d] seizure by analyzing the facts to the law to ensure the application was correct. [Citation.] [¶] In this matter, the 'consent' obtained by fraud cannot form the basis for legally obtained evidence. The facts were that no person saw the Defendant sign the document and the questioned document examiner hired by the defendant concluded that the signatures were not the same. In essence, this is a fraud on the court and it cannot stand. [¶] Defendant requests that counts one through four be dismissed as the evidence was illegally obtained and the correct facts were not applied to the law of search an[d] seizure."

At the hearing on defendant's motion to dismiss, defense counsel said, "It may not have been covered in the transcript . . . but I did ask Deputy Macias had he—when did he arrest my client, and what did he do? [¶] With respect to the transcript, I believe the judge applied the incorrect law in that the consent that my client may have given was exceeded by—number 1, it wasn't given. And number 2, within two minutes of his contact [defendant] was arrested and put in the back of the patrol car and put in handcuffs. It's reasonable to assume that anybody would consent to anything because the intent would be 'tell me what I want to hear and you'll go home.' Submit[ted]."

The trial court denied defendant's motion to dismiss, stating, "The magistrate found that there was consent. And after having reviewed the transcript, I don't have any reason to go back and second guess the magistrate. [¶] Once the motion to suppress is denied, there certainly is probable cause to believe that the guns and the ammunition were possessed. . . . The magistrate found that there was, and there certainly is a rational basis for his findings. So for those reasons I'm going to deny the 995 motion [to dismiss]. . . ."

### 3. *Analysis*

Defendant contends the magistrate erred by admitting hearsay evidence that resulted in the erroneous denial of his motion to suppress. After the matter was fully briefed, we requested that the parties submit letter briefs addressing whether defendant preserved on appeal his claim that hearsay evidence had been erroneously considered. Both defendant and the Attorney General took the position that the issue had not been forfeited. We disagree with them. (*People v. Levitt* (1984) 156 Cal.App.3d 500, 512, fn. 2 [203 Cal.Rptr. 276] ["We note that the court was not at all bound to accept the concession [of the Attorney General] if it disagreed with it."]; *People v. Foster*

(1988) 201 Cal.App.3d 20, 28, fn. 2 [246 Cal.Rptr. 855] [disagreeing ·with a concession by the Attorney General].)

■ As noted above, in order to obtain direct appellate review of a magistrate's denial at the preliminary hearing of a motion to suppress under section 1538.5, a defendant must raise the matter in the trial court by either renewing the motion in the trial court or bringing a motion to dismiss under section 995. (*People v. Lilienthal, supra*, 22 Cal.3d at p. 896; *People v. Richardson, supra*, 156 Cal.App.4th at pp. 586–595; *People v. Hoffman, supra*, 88 Cal.App.4th at p. 3 [rule still applies after unification of the municipal and superior courts].) As the court in *People v. Lilienthal, supra*, 22 Cal.3d at page 896 explained, "[T]he matter [must] be raised in the superior court to preserve the point for review on appeal, for it would be wholly inappropriate to reverse a superior court's judgment for error it did not commit and that was never called to its attention."

■ If a defendant is required to contest the legality of the search in the trial court in order to preserve that challenge for appeal, the defendant cannot preserve for appeal an evidentiary issue not raised or argued in the trial court. In reviewing the denial of the section 995 motion de novo, we review the magistrate's decision. But the appeal is from the ruling of the trial court. On appeal from the trial court's order, we consider only the arguments raised before the trial court, for, as the court said in *People v. Lilienthal, supra*, 22 Cal.3d at page 896, we cannot reverse a trial court's decision for an error that it did not commit concerning an issue that was not raised with or argued before it. (See *People v. Tully* (2012) 54 Cal.4th 952, 979–980 [145 Cal.Rptr.3d 146, 282 P.3d 173] ["However, '[a] party cannot argue the court erred in failing to conduct an analysis it was not asked to conduct.' "]; *People v. Clark* (1993) 5 Cal.4th 950, 988, fn. 13 [22 Cal.Rptr.2d 689, 857 P.2d 1099], disapproved on other grounds as stated in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22 [87 Cal.Rptr.3d 209, 198 P.3d 11] ["When a party does not raise an argument [before the trial court], he may not do so on appeal."]; *In re Michael L.* (1985) 39 Cal.3d 81, 88 [216 Cal.Rptr. 140, 702 P.2d 222] ["Objections not presented to the trial court cannot be raised for the first time on appeal."].) "The reason for this rule is that '[i]t is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided.' [Citations.] '[T]he forfeiture rule ensures that the opposing party is given an opportunity to address the objection, and it prevents a party from engaging in gamesmanship by choosing not to object, awaiting the outcome, and then claiming error.' [Citation.]" (*People v. French* (2008) 43 Cal.4th 36, 46 [73 Cal.Rptr.3d 605, 178 P.3d 1100].) Thus, a defendant challenging the validity of the search forfeits a contention not raised before the trial court. (See *People v. Du Bose* (1970) 10 Cal.App.3d 544, 550–551 [89 Cal.Rptr. 134] [although defendant moved to set aside the information under § 995 on

one ground, he forfeited any contention that the information should be set aside based on a contention not raised before the trial court].)

■ Defendant filed with the trial court a motion to dismiss pursuant to section 995 concerning the validity of the search and seizure. He did so claiming that a fraud on the court had occurred because he did not consent to the search. His contention on appeal—that the magistrate erroneously admitted hearsay evidence—was not argued before the trial court in his section 995 dismissal motion. Defendant therefore did not preserve that issue for appeal.

Even if the issue had not been forfeited, defendant would not prevail. At the preliminary hearing before the magistrate, Deputy Macias testified that defendant orally consented to the search. The magistrate made no reference to the challenged written consent in his ruling. The magistrate merely said, "He said he does have guns. I believe he consented." In denying defendant's motion to dismiss, the trial court stated, "The magistrate found that there was consent. After having reviewed the transcript, I don't have any reason to go back and second guess the magistrate." Evidence that defendant orally consented to the search constituted sufficient evidence to support the denial of defendant's motion to dismiss. (*People v. Lilienthal, supra,* 22 Cal.3d at p. 897 [if there is substantial legal evidence to support the information, the trial court's denial of a § 995 motion is upheld even if illegally obtained evidence was erroneously admitted at the preliminary hearing].) Evidence of whether defendant consented to the search in writing was not essential.[11]

## B.  *The $20 DNA Penalty Assessment*

■ Defendant contends, and the Attorney General concedes, that the trial court erred in imposing a $20 DNA penalty assessment pursuant to Government Code section 76104.7. Under Government Code section 76104.7, subdivision (c)(1), the DNA assessment based on fines and forfeitures does not apply to "[a] restitution fine," which was imposed here. Thus, the $20 DNA penalty assessment under Government Code section 76104.7 should not have been imposed.

---

[11] We do not have to reach the issue of prejudice in connection with the appeal from the denial of a section 995 motion. (Compare *People v. Pompa-Ortiz* (1980) 27 Cal.3d 519, 529 [165 Cal.Rptr. 851, 612 P.2d 941] and *People v. Messina* (1985) 165 Cal.App.3d 937, 946 [212 Cal.Rptr. 75] with *People v. Hill* (1974) 12 Cal.3d 731, 767–769 [117 Cal.Rptr. 393, 528 P.2d 1], overruled on other grounds as stated in *People v. De Vaughn* (1977) 18 Cal.3d 889, 896, fn. 5 [135 Cal.Rptr. 786, 558 P.2d 872], and *People v. Miller* (1983) 33 Cal.3d 545, 550–556 [189 Cal.Rptr. 519, 658 P.2d 1320].)

## DISPOSITION

The trial court is instructed to issue an amended abstract of judgment that does not impose a $20 DNA penalty assessment pursuant to Government Code section 76104.7. In all other respects, the judgment of conviction is affirmed.

Turner, P. J., and Armstrong, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 27, 2013, S207709.