Filed 7/31/14  In re M.S. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

| | |
|---|---|
| In re M.S., a Person Coming Under the Juvenile Court Law. | C074909 |
| THE PEOPLE, | (Super. Ct. No. 69439) |
| Plaintiff and Respondent, | |
| v. | |
| M.S., | |
| Defendant and Appellant. | |

The juvenile court sustained a petition filed pursuant to Welfare and Institutions Code section 602, subdivision (a) alleging the minor M.S. was in possession of live ammunition in violation of Penal Code section 29650 and had violated probation based on that possession.[1]  The court continued the minor as a ward of the court, committed him for 39 days with credit for 39 days served, and ordered him to an electronic monitoring program for 30 days and probation for 12 months.  On appeal, the minor

---

[1]  Undesignated statutory references are to the Penal Code.

contends insufficient evidence supports the finding that the ammunition was "live." We disagree and affirm the judgment.

We view the evidence in the light most favorable to the juvenile court's findings. (*In re Ryan D*. (2002) 100 Cal.App.4th 854, 859.) On August 26, 2013, while conducting a probation search of the minor's residence, the police found ammunition, specifically "six .22 caliber rounds, five .9 millimeter rounds, and . . . a 7.62 round," in a water bottle in a kitchen cupboard that could not be reached without a chair or stepladder.[2] Officer Kevin Knall, who had been a police officer for four years and a member of the Stockton Police Department Community Response Team, a proactive narcotics and gang unit, for one year, executed the search. Officer Knall opined that the seized ammunition was "live" because "[t]hey appeared intact. There was no -- on the back of -- on the casings, there weren't any indentations where the firing pin would have struck them." To him, this indicated that "the part of the bullet that would be spent on firing was still inside the casing." According to Officer Knall, the minor informed officers that his cousin had left the ammunition at the house months earlier, and that of the ammunition seized, some was for a firearm seized in a prior search and some for a gun the police had not yet located.

"In reviewing a challenge of the sufficiency of the evidence, we apply the following standard of review: '[We] consider the evidence in a light most favorable to the judgment and presume the existence of every fact the trier could reasonably deduce from the evidence in support of the judgment. The test is whether substantial evidence supports the decision, not whether the evidence proves guilt beyond a reasonable doubt.' [Citations.] Our sole function is to determine if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. [Citations.] The

---

[2] We draw our factual summary from the evidence presented at the hearing on the minor's motion to suppress evidence because the parties agreed it could be used for the hearing on the contested petition.

standard of review is the same in cases where the prosecution relies primarily on circumstantial evidence.  [Citations.]  . . . 'Reversal . . . is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction]." ' [Citations]."  (*In re Arcenio V.* (2006) 141 Cal.App.4th 613, 615-616 (*Arcenio V.*).)

Section 29650 prohibits a minor from possessing live ammunition.  Here, defendant does not dispute his possession of the ammunition, but only whether there was sufficient evidence presented to conclude that the ammunition was live.  Ammunition is "live" if it is "charged with explosives and containing shot or a bullet."  (Merriam-Webster's Collegiate Dict. (11th ed. 2006) p. 728.)  Thus, " '[l]ive ammunition' " is "any material (i.e., projectiles, shells, or bullets) in the present state of being capable of being fired or detonated from a pistol, revolver or any firearm.  [Citations.]"  (*In re Khamphouy S.* (1993) 12 Cal.App.4th 1130, 1134 (*Khamphouy S.*).)

There are three published cases that establish the boundaries for determining whether ammunition is live:  *Khamphouy S.*, *supra,* 12 Cal.App.4th 1130, *Arcenio V.*, *supra*, 141 Cal.App.4th 613, and *In re Brandon G.* (2008) 160 Cal.App.4th 1076 (*Brandon G.*).[3]

In *Khamphouy S.*, a split court affirmed a juvenile court's inferred conclusion that ammunition found in a minor's pocket was live based on (1) the officers' careful removal of bullets of the same caliber and brand from a firearm located where the minor was sitting in order to make the guns safe and (2) the officers' careful collection, separation and description of the various types of ammunition found.  (*Khamphouy S., supra,*

---

[3]  These cases interpret former section 12101, subdivision (b)(1).  Section 29650, which the minor is alleged to have violated, continues without change former section 12101, subdivision (b)(1), the repeal of which became operative in 2012; both statutes state:  "A minor shall not possess live ammunition."  (Stats. 2011, ch. 15, § 517; Stats. 2010, ch. 711, § 4.)

3

12 Cal.App.4th at p. 1135.) *Khamphouy S.* has since been described as a "very close" case. (*Arcenio V.*, *supra*, 141 Cal.App.4th at p. 616.) And, in *Brandon G.*, the court found substantial evidence the shell found in the minor's sawed-off shotgun was live where the officer, who "had training and experience with handling and recognizing firearms and ammunition, live or otherwise, during his five years as a police officer," identified the shell as "a nine-pellet, 00-size shot shell" and opined that the shell was live. (*Brandon G., supra,* 160 Cal.App.4th at pp. 1078-1079.)

In contrast, in *Arcenio V.*, an officer collected bullets from handguns found in a utility cabinet in an alley where the minor was detained, but no testimony was presented to establish that ammunition was live, the bullets were not tested, the bullets were not inspected by the trial court, and testimony established that the bullets were removed from the handguns for booking (as opposed to officer safety) purposes. (*Arcenio V.*, *supra*, 141 Cal.App.4th at pp. 616-617.) With this paucity of evidence, the court found the circumstantial evidence that the bullets were in handguns insufficient to establish that they were "live." (*Ibid.*)

Here, though the ammunition was not tested or presented at the hearing, a four-year veteran officer, who was assigned to a team that "deal[s] with violent crimes, trying to find guns and narcotics," inspected the bullets and opined they were live because they "appeared intact" and did not bear any indentations from a firing pin. On appeal, minor contends Officer Knall failed to establish he had the training and experience necessary to recognize whether the seized ammunition was live. The minor's failure to object to the officer's opinion testimony forfeits his ability to contest its admissibility as an improper opinion.[4] (Evid. Code, § 353; see also *People v. Dowl* (2013) 57 Cal.4th 1079, 1087-

---

[4] "A person is qualified to testify as an expert if he has special knowledge, skill, experience, training, or education sufficient to qualify him as an expert on the subject to which his testimony relates. Against the objection of a party, such special knowledge,

4

1089 [expert opinion]; *People v. Bradley* (2012) 208 Cal.App.4th 64, 83 [lay opinion].) Thus, we weigh the officer's reasoned opinion testimony in our assessment of whether the evidence presented substantiates the juvenile court's finding that the ammunition was live. The minor presented no evidence to contradict the officer's testimony, and the uncontroverted opinion of an officer that ammunition is live constitutes substantial evidence to support a finding that the ammunition is live. (*Brandon G.*, *supra*, 160 Cal.App.4th at p. 1080.) Accordingly, we find that substantial evidence demonstrates that the ammunition was live as required by section 29650.

## DISPOSITION

The judgment is affirmed.

      BLEASE      , J.

We concur:

      RAYE      , P. J.

      DUARTE      , J.

---

skill, experience, training, or education must be shown before the witness may testify as an expert." (Evid. Code, § 720, subd. (a).) A lay witness may present opinion testimony where that opinion is "[r]ationally based on the perception of the witness" and "[h]elpful to a clear understanding of his testimony." (Evid. Code, § 800.) Here, the minor did not object to the admissibility of the officer's opinion but sought a dismissal of the petition pursuant to section 701.1 of the Welfare and Institutions Code after the petitioner's presentation of evidence had been closed; this is insufficient to preserve this claim for appeal. (See *People v. Hawkins* (2012) 211 Cal.App.4th 194, 203 ["the defendant cannot preserve for appeal an evidentiary issue not raised or argued in the trial court"].)