Filed 12/11/15  P. v. Rhodes CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>CLEMENT M. RHODES,<br><br>        Defendant and Appellant. | F069595<br><br>(Super. Ct. No. BF153450A)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Barry Hammer[†] and Colette M. Humphrey, Judges.[‡]

Laurie Wilmore, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

---

[*]        Before Levy, Acting P.J., Detjen, J. and Peña, J.

[†]        Retired Judge of the San Luis Obispo Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[‡]        Judge Hammer presided over the motion to suppress; Judge Humphrey presided over the sentencing hearing.

As part of a plea agreement, Clement M. Rhodes pled guilty to one count of possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1. subd. (a)), and admitted he had served a prior prison term within the meaning of Penal Code section 667.5, subdivision (b). He was sentenced to the agreed upon term of five years.

Rhodes's notice of appeal stated he was challenging the magistrate judge's denial of his motion to suppress. As this issue is not cognizable on appeal because he failed to relitigate the issue in the superior court, we will affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

Rhodes was stopped for a traffic violation (failure to signal a left turn) by Kern County Deputy Sheriff Christopher Lasater. Rhodes admitted to Lasater he was on probation. Lasater proceeded to search the vehicle because of the search condition included in Rhodes's probation. Lasater found two firearms and a bag of crystalline substance that later was tested and proved to be methamphetamine.

The above facts were summarized from the testimony at the preliminary hearing. Prior to the preliminary hearing, defense counsel filed a motion to suppress the evidence found in the search of the vehicle on the grounds that Lasater did not have probable cause to conclude Rhodes had committed a traffic violation, and therefore the detention was illegal. The basis of the argument was that because Rhodes's change of lane and left turn did not affect any other traffic, there was no Vehicle Code violation even if he failed to use his turn signal 100 feet before making the left turn. The parties stipulated the magistrate would rule on the motion based on the testimony obtained at the preliminary hearing. At the conclusion of the evidence, the magistrate denied the motion to suppress.[1]

---

[1] After the evidence had been presented at the preliminary hearing, and after the prosecutor had completed his opening argument regarding the charges and the motion to

The information charged Rhodes with possession of a controlled substance for sale (Health & Saf. Code, § 11378), transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)), possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)), possession of a controlled substance while armed with an operable firearm (Health & Saf. Code, § 11370.1, subd. (a)), and two counts of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)). The information alleged as enhancements that the crimes were committed for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)), Rhodes had suffered two prior convictions and served prison terms therefore (Pen. Code, § 667.5, subd. (b)), and Rhodes had suffered a prior conviction for sales of a controlled substance (Health & Saf. Code, § 11370.2, subd. (c)).

Rhodes thereafter accepted the prosecutor's plea offer to plead no contest to the possession of a controlled substance while armed and admit one prison term enhancement for a term of five years in prison. Rhodes signed a plea agreement form consistent with this offer, and the trial court sentenced Rhodes in accordance with the agreement. The remaining counts and enhancements were dismissed.

## DISCUSSION

Rhodes did not obtain a certificate of probable cause, therefore the only possible issues he can raise are sentencing issues and denial of his motion to suppress. (Pen. Code, § 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1096; *People v. Sem* (2014) 229 Cal.App.4th 1176, 1187.) The notice of appeal suggests Rhodes is appealing from the denial of the motion to suppress.

This issue is not congnizable on appeal because Rhodes failed to renew the motion to suppress in the superior court. "In order to obtain direct appellate review of a

suppress, defense counsel presented the magistrate with additional points and authorities, including an argument primarily relying on *People v. Carmona* (2011) 195 Cal.App.4th 1385. Deputy Sheriff Lasater was no longer available to provide evidence relevant to the new argument. In denying the motion, the magistrate advised defense counsel that he could renew his motion to suppress at a later time.

magistrate's denial of a motion to suppress evidence under section 1538.5 at the preliminary hearing, a defendant must either renew the motion in the trial court or challenge the legality of the search in a motion to dismiss under section 995. [Citations.]" (*People v. Hawkins* (2012) 211 Cal.App.4th 194, 199-200.) Rhodes did not challenge the magistrate's denial of the motion to suppress by either procedure.

Apparently recognizing the futility of now challenging the magistrate's ruling, appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 asserting that after a thorough review of the record she did not identify any arguable issues. By letter dated November 13, 2014, we invited Rhodes to directly submit to us any issues he wished us to consider. Rhodes did not respond to our invitation.

We have reviewed the entire record and conclude there are no arguable issues. Rhodes's plea was entered shortly after the preliminary hearing without any attempt to renew his motion to suppress. Therefore, he may not challenge the magistrate's ruling on direct appeal. (*People v. Hawkins*, *supra*, 211 Cal.App.4th at pp. 199-200.) No other issues appear in the record.

## DISPOSITION

The judgment is affirmed.

4.