Filed 10/28/20  In re E.R. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| In re E.R., a Person Coming Under the Juvenile Court Law. | C089139 |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>E.R.,<br><br>    Defendant and Appellant. | (Super. Ct. No. JDSQ-18-528) |

After the minor E.R. admitted committing burglary (a "wobbler" that was charged as a felony) in a jurisdictional hearing, the juvenile court sustained the charge "as a felony," and transferred the matter to the juvenile court in Yolo County for disposition. On appeal, the minor contends we must remand for the Yolo County Juvenile Court to declare whether the offense was a felony or misdemeanor.  We affirm.

BACKGROUND

In August 2018, a petition under Welfare and Institutions Code section 602[1] was filed in Sacramento County alleging E.R. committed felony burglary. (Pen. Code, § 459.)

At the beginning of the September 2018 jurisdictional hearing, E.R.'s counsel told the juvenile court: "We are gonna resolve the petition. We're just going to admit [burglary] as charged . . . as a felony in the second degree." After ensuring E.R. understood his rights, the juvenile court addressed E.R.: "The agreement in your case is that you would be admitting a felony violation of Penal Code [s]ection 459. . . . [¶] The further agreement is that this matter would be transferred out for disposition in Yolo County. [¶] Do you understand that?" E.R. replied, "Yes."

The prosecutor stated the factual basis for E.R.'s admission: "[E.R] committed a felony violation of Penal Code [s]ection 459, in that the minor unlawfully entered a commercial building . . . with the intent to commit larceny and any felony."

After E.R. admitted the allegation, the juvenile court sustained it, stating: "The [c]ourt accepts the admission and sustains [c]ount 1 of the petition, a violation of Penal Code [s]ection 459 *as a felony*." (Italics added.)

Consistent with discussion at the jurisdictional hearing, the matter was transferred for disposition to the juvenile court in Yolo County, where E.R. resides. At the transfer-in hearing, the juvenile court and the parties agreed to continue the case to a later date to facilitate a global resolution of the instant case on appeal (JDSQ-18-528) along with another case of E.R.'s (JDSQ-18-151) that was pending in Yolo County.

A February 2019 memorandum by the Yolo County Probation Department to the court noted E.R. was appearing for disposition in the instant case after he "recently

_____

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

ple[ade]d 'No Contest' to a felony," and recommended E.R. be adjudged a ward of the court pursuant to section 725, subdivision (b). In a February pleading arguing for wardship adjudication, the People emphasized E.R.'s "pattern of criminal behavior," including the "pending" disposition of E.R.'s "felony 459 PC . . . in Sacramento."

At a February 26, 2019 disposition hearing, the juvenile court in Yolo County adjudged E.R. a ward of the court in both cases and granted E.R. probation.

E.R. timely appealed.

## DISCUSSION

E.R. argues we must remand because the juvenile court failed to comply with the California Rules of Court[2] and the mandate of section 702, because it did not declare whether E.R.'s burglary offense was a misdemeanor or a felony. E.R. further contends the presumption of regularity is inapplicable here, because "the record in this case demonstrates that the trial court never performed the required duty in question." The People argue "the record adequately establishes that the juvenile court and the parties considered the offense to be a felony, such that the court's failure to expressly declare that [E.R.'s] commercial burglary was a felony is harmless error." We conclude no remand is required because the juvenile court declared the burglary offense to be a felony.

"[S]ection 702 provides that, in a juvenile proceeding, '[i]f the minor is found to have committed an offense which would in the case of an adult be punishable alternatively as a felony or a misdemeanor, the court shall declare the offense to be a misdemeanor or felony.' " (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1201 (*Manzy W.*).) "The language of the provision is unambiguous. It requires an explicit declaration by the juvenile court whether an offense would be a felony or misdemeanor in the case of an

---

[2]      Undesignated rule references are to the California Rules of Court.

3

adult." (*Id.* at p. 1204.)  This requirement "that the juvenile court declare whether a so-called 'wobbler' offense [is] a misdemeanor or felony . . . serves the purpose of ensuring that the juvenile court is aware of, and actually exercises, its discretion."  (*Id.* at p. 1207.)

"[N]either the pleading, the minute order, nor the setting of a felony-level period of physical confinement may substitute for a declaration by the juvenile court as to whether an offense is a misdemeanor or felony.  [Citation.]  Instead, 'the crucial fact is [whether] the court . . . state[s] *at any of the hearings* that it f[i]nd[s] the [offense] to be a felony.'  [Citation.]"  (*Manzy W., supra*, 14 Cal.4th at p. 1208, italics added, fn. omitted.)

The general presumption of regularity (Evid. Code, § 664) is inappropriate in situations when "the juvenile court violated its clearly stated duty under . . . section 702 and there is *nothing in the record* to indicate that it *ever considered* whether the possession offense was a misdemeanor or a felony."  (*Manzy W., supra*, 14 Cal.4th at p. 1209, italics added.)  "[T]he record in a given case may show that the juvenile court, despite its failure to comply with the statute, was aware of, and exercised its discretion to determine the felony or misdemeanor nature of a wobbler.  In such case, when remand would be merely redundant, failure to comply with the statute would amount to harmless error."  (*Ibid.*)

The parties agree commercial burglary is a "wobbler" offense.  Here, the People (1) charged the commercial burglary as a felony.  Then, at the *jurisdictional* hearing, (2) E.R. admitted the allegation as charged, and the juvenile court (3) accepted the admission, and (4) *declared the offense to be a felony*.  The juvenile court's declaration was express and clear:  E.R.'s violation of Penal Code section 459 was "*as a felony*."  Thus, there was no section 702 error.

And because there was no error, we need not conduct a harmless error analysis, as the People invite us to do.  (*People v. Hawkins* (2012) 211 Cal.App.4th 194, 202-203 [disagreeing with the People's concession and citing cases for the proposition courts need not accept the People's concessions].)

4

That the juvenile court in Yolo County did not explicitly make its own section 702 determination at the dispositional hearing does not change the analysis, because as E.R. acknowledges, the rules contemplate a section 702 determination at the jurisdictional hearing. (See rule 5.778(f)(9) [stating that, in a section 602 matter, on an admission or plea of no contest, the "court must make" a finding whether the offense "would be a misdemeanor or felony had the offense been committed by an adult," but that "determination[] *may* be deferred until the disposition hearing" (italics added)].)[3]

The section 702 determination at the jurisdictional hearing in the Sacramento County Juvenile Court -- that the burglary was a felony -- remained an integral part of the case when it was transferred out to the juvenile court in Yolo County. (Cf. *In re Andrew J.* (2013) 213 Cal.App.4th 678, 689-690 [explaining the juvenile court receiving a transfer-out order "must immediately" calendar a transfer-in hearing, and after that hearing, "the receiving court must take the matter up *where it left off in the transferring court*: 'The proceedings in the receiving court must commence at the same phase as when the case was transferred.' (Cal. Rules of Court, rule 5.612(c))" (italics added)].)

And given the section 702 determination in Sacramento County, we can -- and will -- apply the presumption of regularity and conclude the juvenile court in Yolo was aware of, and saw no need to reiterate or revisit, the earlier determination.

---

[3] Rule 5.778(f)(9) is consistent with *Manzy W.* (See *Manzy W., supra*, 14 Cal.4th at p. 1208 [" 'the crucial fact' " is whether the court states " 'at any of the hearings' " that it finds the offense to be a felony].)

# DISPOSITION

The judgment is affirmed.


/s/
HOCH, J.


We concur:


/s/
BLEASE, Acting P. J.


/s/
HULL, J.