Filed 12/6/24  P. v. Bobo CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>WILLIAM CHRISTIAN WAYNE BOBO,<br><br>Defendant and Appellant. | F087734<br><br>(Super. Ct. No. 23CM3091)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Robert S. Burns, Judge.

Lisa M. Jensen, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Meehan, Acting P. J., Snauffer, J. and DeSantos, J.

After his motion to suppress evidence was denied, defendant and appellant William Christian Wayne Bobo (defendant) pled guilty to failure to update his sex offender registration annually and was sentenced to 16 months in prison.

Defendant's appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, identifying no error and asking this court to conduct an independent review of the record on appeal. Defendant's notice of appeal indicated he is challenging his detention and search. We conclude that defendant failed to preserve for appellate review his search and seizure challenge, and finding no other issues on appeal, we affirm.

## PROCEDURAL SUMMARY

On October 30, 2023, the Kings County District Attorney filed a complaint charging defendant with: failure to update registration annually (Pen. Code,[1] § 290.012, subd. (a); count 1); possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a); count 2); and misdemeanor possession of a smoking device (Health & Saf. Code, § 11364, subd. (a); count 3).

On November 15, 2023, defendant filed a motion to suppress evidence (§ 1538.5) on the grounds that his detention was not supported by probable cause. The prosecutor opposed the motion.

Defendant's motion to suppress was heard together with the preliminary hearing on November 30, 2023. At the conclusion of the hearing, defendant was held to answer as charged and the motion to suppress was denied.

On December 5, 2023, the prosecutor filed an information charging defendant with the same offenses and counts alleged in the complaint. Defendant was arraigned on the information on December 15, 2023, and pled not guilty to all counts.

---

[1] Further undesignated statutory references are to the Penal Code.

On January 10, 2024, the trial court held a combined pretrial and bail review hearing. Defendant was present with counsel and defense counsel indicated the prosecutor had offered a stipulated low term of 16 months. Defendant confirmed his acceptance of this offer. The court advised defendant of the rights relinquished and the consequences of his plea. Defendant pled guilty to the sole count of failing to register within five days of his birthday. The court found defendant's plea and admission were knowingly, intelligently, and voluntarily made, and dismissed the other charges. The parties stipulated to a factual basis for the plea based on the police reports and the preliminary hearing transcript. After defendant waived arraignment for judgment, the court sentenced defendant to the low term of 16 months pursuant to the plea agreement. The court advised defendant of his right to file a notice of appeal and that he must do so with the trial court within 60 days.

Defendant filed a timely notice of appeal[2] and requested a certificate of probable cause. The notice indicated the appeal was based on the denial of a motion to suppress evidence under section 1538.5 and "[o]ther basis." In defendant's request for a certificate of probable cause, the notice stated in handwriting the following:

"I was arrested on October 14th 2023, for a system glitche and then

---

[2] Imposition of judgment was on January 10, 2024, 60 days from which would be March 10, 2024, a Sunday. (Cal. Rules of Court, rule 8.308(a) [a notice of appeal and any statement required by section 1237.5 must be filed within 60 days of the judgment].) Defendant's notice of appeal was "received" on March 8, 2024, but was not "filed" until March 12, 2024, a Tuesday. Although this filing date would be beyond the 60-day filing period, a document is deemed filed on the date the clerk receives it. (Cal. Rules of Court, rule 8.25(b)(1).) Furthermore, if a prison inmate mails a document "within the period for filing the document, the document is deemed timely." (Cal. Rules of Court, rule 8.25(b)(5); see also *In re Jordan* (1992) 4 Cal.4th 116, 118 [under the prison-delivery rule, "a prisoner's notice of appeal is deemed timely filed if delivered to prison authorities within the 60–day filing period"].) Defendant mailed his notice of appeal from Wasco State Prison and the notice's envelope was postmarked March 6, 2024. Accordingly, defendant's notice of appeal was timely filed.

3.

released seventy two hours later. On October 28th 2023 I [was] arrested on charges not related to my guilty plea, my guilty plea was for the same allegations on October 14th 2023 arrest where I was released after seventy two hours do to lack of evidence. If however these allegations [were] true, I would have never been released on that first arrest of October 14th 2023 I would have been aprehended at my place of residence. If I am not threatened with a strike I go to trial February 2nd 2024. Therefore I ask for a motion to suppress evidence to my arrest, by [the] same officer I declare harassment. Thank you. Motion to transfer venue." (*Sic*.)

Defendant's request for a certificate of probable cause was denied.

### FACTUAL SUMMARY[3]

On October 20, 2023, Kings County Deputy Sheriff Christopher Cernosek was dispatched to a convenience store in response to a call about a person in the store possibly under the influence of drugs, fighting imaginary people and doing push-ups. When Cernosek arrived at the store, the store manager told Cernosek the subject went by "Smiley." The manager pointed out defendant in the store. Cernosek asked the manager if he could go talk to defendant and the manager said he would get defendant for Cernosek. The manager walked over to defendant, and the two spoke for a few seconds.

Defendant then walked over to Cernosek at the store's entrance. Cernosek recognized defendant from prior contacts. About two to three weeks before, Cernosek had a consensual encounter with defendant that turned into an arrest. Defendant had advised Cernosek he was possibly out of compliance with his sex offender registry. Cernosek had confirmed with the county sheriff's records that defendant was out of compliance, which led to defendant's arrest. When he was arrested, defendant had on his

---

[3] The facts are taken from the preliminary hearing transcript and the police report, which the parties stipulated to as the factual basis for defendant's plea.

person a track or starter gun, which looks like a real gun but just shoots blanks.

After defendant walked over to Cernosek in the store, Cernosek told defendant he was there for a call about someone in the store acting strangely. Defendant said something along the lines of that is all you want to talk about. Cernosek told defendant he wanted to talk outside the store, but defendant turned around and started to walk away from Cernosek. Cernosek grabbed defendant by the wrist, told defendant he needed to speak with him, and placed defendant in handcuffs. Cernoseck handcuffed defendant for safety reasons due to the prior contact when defendant had a potential weapon, and the report defendant was possibly fighting imaginary people.

Cernosek escorted defendant to the sidewalk in front of the store. Cernosek asked defendant if he had any drugs or weapons on him. Defendant replied that he had "weed" (marijuana) in his left pocket. Cernosek asked defendant if he could check his pockets and defendant said, " 'I don't care, go ahead.' " Cernosek found a plastic baggie with a small amount of a substance he suspected was methamphetamine in the right pocket of defendant's pants. In defendant's left pants pocket was a glass methamphetamine pipe with white residue. Cernosek conducted a records check on defendant. Dispatch advised Cernosek that defendant was a sex offender registrant and may be out of compliance.

Cernosek escorted defendant to his patrol car and advised him of his rights pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436. Testing by Cernosek on the substance in the plastic baggie confirmed it was methamphetamine.

Defendant was required to register annually as a sex offender due to a conviction in Colorado. A certified copy of defendant's sex offender registration showed he last completed his annual registration on May 13, 2022. The record reflected defendant did not complete his annual registration for 2023.

## DISCUSSION

Section 1237.5 provides that no appeal shall be taken from a plea of guilty or no contest without a written statement "showing reasonable constitutional, jurisdictional, or

5.

other grounds going to the legality of the proceedings," and the trial court has executed and filed a certificate of probable cause for such appeal. Here, the court denied defendant's request for a certificate of probable cause. A court's denial of a request for a certificate of probable cause must be challenged by a petition for writ of review. (*People v. Johnson* (2009) 47 Cal.4th 668, 676 [denial of a certificate of probable cause is reviewable by a petition for writ].) Defendant has not petitioned for nor obtained such writ relief. Without a certificate of probable cause, the only issues defendant may raise on appeal are the denial of his motion to suppress or sentencing issues that do not go to the validity of his guilty plea. (*Id.* at pp. 676–677; Cal. Rules of Court, rule 8.304(b)(2).) The notice of appeal suggests defendant is challenging the denial of the motion to suppress.

"In order to obtain direct appellate review of a magistrate's denial of a motion to suppress evidence under section 1538.5 at the preliminary hearing, a defendant must either renew the motion in the trial court or challenge the legality of the search in a motion to dismiss under section 995." (*People v. Hawkins* (2012) 211 Cal.App.4th 194, 199–200, fns. omitted; *People v. Romeo* (2015) 240 Cal.App.4th 931, 941; *People v. Lilienthal* (1978) 22 Cal.3d 891, 896; § 1538.5, subd. (m).) The rule applies even where, as in this case, the same judge who imposed judgment also heard the motion to suppress. (*People v. Richardson* (2007) 156 Cal.App.4th 574, 592.) Defendant's motion to suppress was heard at the preliminary hearing and denied. Because defendant did not challenge the ruling denying his motion to suppress by either renewing his motion before the trial court or filing a motion to set aside the information under section 995, he is precluded from obtaining direct appellate review of his suppression motion.

Presumably recognizing the futility of challenging the denial of the motion to suppress, defendant's appellate counsel filed a *Wende* brief identifying no basis for relief and asking that we review the record to determine if there were any arguable issues on appeal. By letter dated August 28, 2024, we invited defendant to submit a letter with any

grounds for appeal he wished us to consider.  Defendant did not respond to our invitation.

We have carefully reviewed the record and conclude there are no arguable issues. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441–443.)  Defendant's plea was entered with the trial court approximately one month after the preliminary hearing, and he did not renew his motion to suppress in the interim.  Thus, he forfeited his right to challenge on direct appeal the ruling on the motion to suppress.  No other cognizable issues appear on the record.

## DISPOSITION

The judgment is affirmed.