Filed 9/24/25  P. v. Jackson CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B340790 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 24SFCF01148) |
| v. | |
| SHAWN BALTAZAR JACKSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Pamela Tamu Usher, Judge.  Dismissed.

Michael H. Casey, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Without a certificate of probable cause, appellant Shawn Baltazar Jackson appeals from his plea of no contest to one count of being a felon in possession of a firearm, contending the magistrate judge erred in denying his motion to suppress evidence under Penal Code section 1538.5.[1]  Because Jackson never renewed his motion before the superior court prior to pleading no contest, we lack jurisdiction to consider his appeal and therefore dismiss it.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

### A.    *Jackson is Charged and Moves to Suppress Evidence*

In August 2024, a felony complaint charged Jackson with: (1) being a felon in possession of a firearm; (2) unlawful possession of ammunition prohibited by a prior conviction; (3) carrying a loaded handgun on his person and in a vehicle; and (4) providing false information to a police officer.

Eight days later, Jackson moved to suppress evidence under section 1538.5.  Jackson admitted that, on August 12, 2024, he was sitting in a car with two acquaintances when police detained all three.  While handcuffed, a police officer patted Jackson down and found a firearm and a "clear plastic baggie containing a crystalline substance."  Jackson alleged the police searched him without a warrant and without his consent.

---

[1] Undesignated statutory references are to the Penal Code.

[2] We limit our summary to the facts and procedural history relevant to the issues raised on appeal.

## B.  *The Court Hears the Motion at Jackson's Preliminary Hearing*

In September 2024, the court heard Jackson's motion to suppress at his preliminary hearing.  An officer from the San Fernando Police Department testified that, on the night in question, he and his partner were patrolling a high crime area and conducted a traffic stop for a car that had a license plate cover (which was a Vehicle Code violation).  Jackson was sitting in the right rear passenger seat of the car.  When the officer approached the car's driver, he noticed a pipe with residue inside the car and smelled vinegar.  Based on his training, this indicated the presence of heroin.  The officer detained all three individuals in the car.  When he approached Jackson to conduct a pat-down, he noticed Jackson "was wearing very baggy clothing and sweating profusely" and had "Elmwood" on his forehead, which was the name of a Burbank gang.  As a result of the pat-down, the officer recovered an "unserialized," loaded firearm and arrested Jackson.[3]  After the arrest, he searched Jackson and recovered his California Driver's License which gave "his actual name and not the name that he gave to my partner."[4]  On cross-examination, the officer agreed he had no other basis for patting Jackson down except for his baggy clothing, the fact that he was sweating, and the "Elmwood mark" on his forehead.  The officer also admitted Jackson was handcuffed before the pat-down

---

[3] The officer testified an "unserialized" gun "wasn't properly purchased, . . . manufactured, [or] registered."

[4] The partner subsequently testified Jackson had given him the name "Jonathan Lopez" and a birthdate different than the birthdate ultimately found on Jackson's driver's license.

occurred. The prosecution rested after introducing a certified rap sheet.

In support of his motion to suppress, Jackson's attorney argued the police officer who patted Jackson down lacked specific and articulable facts to support a reasonable belief that Jackson was armed and dangerous. The prosecution countered that there had been multiple individuals detained and "indicia of contraband," and that the pat-down was justified because it occurred in a high crime area, because Jackson "had a gang tattoo on his face," and because Jackson "was wearing baggy clothing."

The court denied the motion to suppress, concluding that while each of the factors noted by the prosecution were insufficient by themselves, combined they were "reasonable articulable facts to support a pat-down for weapons." The court then concluded there was sufficient evidence to hold Jackson to answer for the charges contained in the felony complaint. Two weeks later, the prosecution filed an information charging Jackson with the same counts in the felony complaint.

## C. *Jackson Pleads No Contest*

On the same day the prosecution filed the information, Jackson pleaded no contest to being a felon in possession of a firearm and admitted to a prior felony conviction that was "also a strike conviction." The court dismissed the remaining counts and sentenced Jackson to the low term of 16 months, doubled to 32 months due to the strike. Jackson timely appealed.

## DISCUSSION

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is

4

expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) Ordinarily, "[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court." (§ 1237.5.) It is undisputed that Jackson obtained no certificate of probable cause.

"A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that the judgment of conviction is predicated upon a plea of guilty. Review on appeal may be obtained by the defendant provided that at some stage of the proceedings prior to conviction he or she has moved for the return of property or the suppression of the evidence." (§ 1538.5, subd. (m).) This statutory language has long been interpreted to require that, in order to obtain review on whether a magistrate judge erroneously denied a suppression motion at a preliminary hearing, the defendant must renew the motion in the trial court after the information is filed. (*People v. Lilienthal* (1978) 22 Cal.3d 891, 896; *People v. Hawkins* (2012) 211 Cal.App.4th 194, 199–200, fn. omitted ["In order to obtain direct appellate review of a magistrate's denial of a motion to suppress evidence under section 1538.5 at the preliminary hearing, a defendant must either renew the motion in the trial court or challenge the legality of the search in a motion to dismiss under section 995"];

5

*People v. Garrido* (2005) 127 Cal.App.4th 359, 363–364 ["where the defendant moves to suppress evidence at the preliminary hearing, he or she must again raise the issue of the validity of a search in superior court in order to preserve the issue for appeal"]; *People v. Hinds* (2003) 108 Cal.App.4th 897, 900 [defendant must renew motion to suppress in superior court "to preserve the issue of the legality of a search for appeal"]; *People v. Hoffman* (2001) 88 Cal.App.4th 1, 3 ["court unification did not affect the *Lilienthal* mandate: the defendant must renew the suppression motion before the trial court to preserve the issue for appeal"].)

Jackson acknowledges both this requirement and his failure to comply with it but, quoting *People v. Williams* (1998) 17 Cal.4th 148, 161, footnote 6 (*Williams*), urges us to consider his appeal regardless because " '[a]n appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party. (Citations.) Indeed, it has the authority to do so.' "

*Williams* is inapposite. There, the Supreme Court offered guidance on how a trial court should exercise, and an appellate court should review, a trial court's discretion in striking a prior strike under the "Three Strikes" law. (*Williams*, *supra*, 17 Cal.4th at pp. 151–152.) When sentencing a defendant for drunk driving, the trial court "ordered the finding relating to the prior conviction for the serious felony of attempted robbery vacated," leading to a lower sentence for the defendant. (*Id.* at p. 157.) The People appealed, arguing the trial court had imposed an unlawful sentence. (*Ibid.*) The appellate court, "having raised the issue itself, . . . concluded that the superior court's order vacating the finding under the Three Strikes law that Williams

6

had previously been convicted of the serious felony of attempted robbery, on its own motion, 'in furtherance of justice' pursuant to Penal Code section 1385(a), was subject to review for abuse of discretion, and that such order was erroneous under that standard in light of Williams's 'extraordinary record of prior criminality.' " (*Ibid.*) Responding to a challenge from the appellant that the appellate court erred in reviewing this order at all, our high court disagreed, saying: "Surely, the fact that a party may forfeit a right to present a claim of error to the appellate court if he did not do enough to 'prevent[]' or 'correct[]' the claimed error in the trial court [citation] does not compel the conclusion that, by operation of his default, the appellate court is deprived of authority in the premises. An appellate court is generally not prohibited from reaching a question that has not been preserved for review by a party. [Citations.] Indeed, it has the authority to do so. [Citation.] True, it is in fact barred when the issue involves the admission (Evid. Code, § 353) or exclusion (*id.*, § 354) of evidence. Such, of course, is not the case here. Therefore, it is free to act in the matter. [Citation.] Whether or not it should do so is entrusted to its discretion." (*Id.* at p. 161, fn. 6.)

But whether we are "generally" not prohibited from reaching a question that has not been preserved for review by a party is irrelevant here. This instant appeal does not involve a "general" circumstance. Instead, our jurisdiction to consider this issue is defined by statute. Section 1237.5 makes clear "[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere" unless the defendant has obtained a certificate of probable cause. Section 1538.5, subdivision (m) provides an exception to this rule where

"at some stage of the proceedings prior to conviction [the appellant] has moved for . . . the suppression of the evidence." Case law makes clear that in order to obtain review of a magistrate's denial of a motion to suppress at the preliminary hearing, the motion must either be renewed in the superior court or challenged by way of a motion to dismiss pursuant to section 995.  Because it is undisputed Jackson did not move for suppression of the evidence in the superior court (or challenge the ruling via section 995) and has no certificate of probable cause, there is no statutory basis for us to entertain his appeal.

### DISPOSITION

Jackson's appeal is dismissed.
NOT TO BE PUBLISHED

M. KIM, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.

8